429 So.2d 88 (1983)
L.B.T. CORPORATION, an Illinois Corporation, Appellant,
v.
Tony R. CAMACHO, Appellee.
No. 82-862.
District Court of Appeal of Florida, Fifth District.
April 6, 1983.
*89 Sara Caldwell Beaton of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellant.
C. Allen Watts, DeLand, for appellee.
COBB, Judge.
Appellant, L.B.T. Corporation, defendant below, appeals from the trial court's denial of its motion to vacate a default and a default final judgment. We affirm the trial court in part, but reverse its determination of damages and remand for a trial, after notice, on that issue.
The plaintiff, Tony R. Camacho, sued L.B.T. for alleged arrearages in commissions allegedly owed him for his work as a promotional coordinator for the Hoxie Brothers Circus, which L.B.T. owns. Along with the complaint, Camacho filed a motion for a writ of attachment. After an emergency hearing on October 28, 1981, at which the circus manager appeared pro se, a writ of attachment was issued. L.B.T. presented the sheriff with a forthcoming bond the next day and the property previously attached was released. On November 24, 1981, upon the plaintiff's motion, the clerk entered a default against L.B.T. for failure to serve or file any papers as required by law. On December 16, 1981, Camacho filed an affidavit of proof alleging that the total due was $15,153.86.
The plaintiff moved, without notice to L.B.T., for a default final judgment in this amount on January 5, 1982. On January 21, 1982, the court entered a final default judgment, which affirmed the default entered by the clerk and ordered the surety under the forthcoming bond to pay $12,500, with the defendant responsible for the remainder.
L.B.T. filed a motion to set aside the default on March 17, 1982, alleging excusable neglect and misrepresentation on the part of the plaintiff in regard to the damages. An additional motion to vacate was filed on May 11, 1982, in which the defendant alleged that the default was improperly entered because Camacho's attorney had failed to serve notice of the application for default on the defendant. L.B.T. also filed an affidavit by the manager of the circus, which disputed the amount of money owed to the plaintiff. The lower court denied the motion to vacate on May 25, 1982; it is from this order that L.B.T. filed its notice of appeal.
*90 Three questions are presented for this court's determination: (1) whether notice was required prior to the entry of the default; (2) whether the trial court acted properly in denying the motion to vacate; and (3) whether a hearing, with notice, is required for a determination of damages.
Any contention that the entry of the default was done incorrectly is without merit. Florida Rule of Civil Procedure 1.500(b) does not require a notice of hearing for entry of an order of default against a party who has failed to plead or otherwise defend; it requires only that a copy of the application for default be served upon a party who has filed or served a paper in the action. Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980).[1] Here, no responsive pleadings or papers of any kind were filed or served by L.B.T., and therefore no notice was required for the entry of the default order.
Since notice is not required, the question becomes whether or not L.B.T. has adequately shown cause to vacate the default judgment. The trial court may properly grant a motion to vacate a default judgment where the movant establishes a meritorious defense and a legal excuse for failure to comply with the rule. An absence of either precludes the setting aside of a default judgment. T.P.M. Constructors, Inc. v. Twin Coast Title, Inc., 425 So.2d 580 (Fla. 5th DCA 1982); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). A showing of gross abuse of discretion is necessary on appeal to justify reversal of a lower court's ruling on a motion to vacate a default judgment. Sterling Drugs, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); T.P.M. Constructors.
The requirement of showing excusable neglect and a meritorious defense cannot be accomplished by a mere statement to that effect in an unsworn motion. The party moving to vacate a default must set forth facts explaining or justifying the mistake or inadvertence by affidavit or other sworn statement, and failure to do so will prevent the appellate court from finding a gross abuse of discretion. See B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla. 1980).
In the instant case, the first motion to vacate only alleged conclusions, without any supporting factual basis, and the second motion dealt only with the alleged failure to give notice. Furthermore, the affidavit filed with the motion, while going to the question of damages, did not set out any defense to the plaintiff's claim; rather, it merely attempted to mitigate the damages. Additionally, as noted earlier, no answer or other responsive pleading to the complaint has been filed. Because the motions to vacate failed to set out excusable neglect and a meritorious defense, the order denying the motion to vacate was proper.
The final question, however, requires a reversal. Florida Rule of Civil Procedure 1.440(c) expressly requires that notice be given of an order setting a hearing on damages prior to the entry of a final judgment when the claim involves unliquidated damages.[2]Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); B/G Amusements. Here, the damages were clearly unliquidated and the trial judge erred in awarding damages based solely on Camacho's affidavit, without notice and a hearing. L.B.T. was entitled to a notice of an order setting the action for trial. Therefore, we reverse this aspect of the order and *91 the final judgment and remand for trial, after notice, on the damages issue.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.500(b) states:

By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
[2] Rule 1.440(c) provides in part as follows:

In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).