DAUKSCH, Judge.
This is an appeal from a non-final order vacating a final judgment entered on default.
Appellant (plaintiff below), Stephen Moore, filed a complaint against appellees (defendants), Ken Schraw and Schraw Realty, Inc., for breach of a construction contract and for the imposition of an equitable lien. On December 15, 1983, defendants were served with a complaint, notice of lis pendens, notice of taking deposition, and a request for admissions. On January 6, 1984, plaintiff filed a motion for default. The clerk for Seminole County entered a default January 10, 1984 against defendants for failure to respond to the complaint within the twenty day period provided for by the Florida Rules of Civil Procedure. Plaintiff also served a notice of cancellation of deposition on January 10. Plaintiff filed a motion for entry of final judgment on February 13,1984. The court entered final judgment on the default on March 5, 1984.
On March 28, 1984, defendants filed a motion to vacate final judgment and to set aside the default. Defendants argued that the plaintiff should have served him with his motion for default and given notice of hearing prior to the default being entered. Furthermore, defendants submitted that negotiations had been entered into between the parties and that he was misled with regard to whether he would be required to respond to plaintiff’s complaint. A hearing was held on April 24, 1984, and the court entered an order vacating the final judgment and setting aside the default. The court held that notice was required prior to the default being entered. We disagree.
Because no responsive pleadings or papers were filed by defendants prior to the default being entered the default was properly entered against them without any notice. See Rule 1.500(a), Fla.R.Civ.P.; L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980). The only remaining question is whether the court *607 had an alternative basis for vacating the default judgment.
A court may grant a motion to vacate a default judgment where the moving party establishes that a meritorious defense exists and that he has a legal excuse for failing to comply with the rule. See L.B.T. Corp.; B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). Here defendants failed to verify by sworn affidavit that a meritorious defense existed. The defendants’ motion to vacate the final judgment of default was unsworn and therefore was insufficient to support the court’s order vacating the default judgment even though the motion had attached to it several documents which, if verified, could have provided a basis for establishing a meritorious defense. See Westinghouse Elevator Company v. DFS Construction Company, 438 So.2d 125 (Fla. 2d DCA 1983). Furthermore, and most importantly, defendants’ motion to vacate did not establish excusable neglect.
The order vacating the final judgment and setting aside the default is vacated and the judgment reinstated.
REVERSED.
COBB, C.J., and ORFINGER, J., concur.