561 So.2d 1334 (1990)
HARTFORD FIRE INSURANCE COMPANY, Etc., Appellant,
v.
CONTROLTEC, INC., Etc., Appellee.
No. 89-1754.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
Robert R. Foster, DeLand, for appellant.
Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellee.
GOSHORN, Judge.
Hartford Fire Insurance Company (Hartford) appeals a final judgment entered after Hartford defaulted by failing to appear or file a responsive pleading. We reverse.
There is no material controversy as to the facts. Controltec, Inc. contracted with Blais Mechanical, Inc. (Blais) to perform the pipefitting work on a building at Daytona Beach Community College. Blais was under contract with McMahan Commercial Construction Corporation (McMahan) to perform mechanical subcontracting work on the building. A payment bond was issued by Hartford identifying McMahan as the principal and Hartford as the surety. When Blais failed to pay Controltec for its work, Controltec filed suit against both Blais and Hartford.
Served with Controltec's complaint, Hartford did not answer or otherwise respond *1335 as required by Rule 1.140, Florida Rules of Civil Procedure. Instead, Hartford merely forwarded the pleadings to McMahan requesting that McMahan, "Take action to avoid a default."[1] No response was served or filed by McMahan on behalf of Hartford and a timely default was entered against Hartford. Three months later Hartford moved to set aside the default, alleging excusable neglect by its reliance on McMahan. After hearing, the trial court denied Hartford's motion.
Hartford was obligated to make two basic showings before being entitled to have the default set aside: a meritorious defense and excusable neglect. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). The meritorious defense requirement is necessary because no useful purpose is served by vacating a default if there is no defense to the complaint. We affirm the trial court on this point because the motion to set aside the default failed to allege legal grounds, or in any manner disclose facts, which would constitute a meritorious defense to Hartford's obligation to pay money owed Controltec by Blais. Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982); Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977). Accordingly, we do not reach the issue of whether or not Hartford's reliance on McMahan constituted excusable neglect.
Following entry of the default, Controltec filed a motion for entry of final judgment seeking damages, costs and attorney fees. Controltec then filed a notice of ex parte hearing on its motion, setting it for hearing six days later. Hartford correctly contends that because Controltec's damages were unliquidated it should have complied with Florida Rule of Civil Procedure 1.440(c). The rule requires the filing of a notice of trial for review by the court in order to determine whether the cause is ready for trial, and if so, a trial date is to be set not less than 30 days from the service of the notice. Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987); Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983).
Controltec's assertion that its damages were liquidated simply because a fixed sum was demanded by the complaint is without merit. In a contractual setting, liquidated damages exist when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other. Bowman, supra. The contract between Blais and Controltec contains no such stipulation.
Accordingly, both the judgment and the award of attorney's fees are reversed and the cause is remanded for trial on damages.
REVERSED and REMANDED.
W. SHARP and COWART, JJ., concur.
NOTES
[1] McMahan was not a party to the suit.