GRIFFIN, Judge.
On August 25, 1992, the appellant, pro se, filed a long and rambling complaint suing the appellee for breach of contract. In pertinent part, the appellant alleged that three years earlier he and the appellee had entered into an oral agreement for him to “automate” a residence she owned in Seminole County. If the appellee later sold the appellant the house, the value of the work ($10,000) would be applied as a credit to the purchase price. If the appellee did not sell the appellant the house, the appellee allegedly agreed to pay the appellant the sum of $10,000 for the work. Appellant also alleged:
The plaintiff lost $500,000 in net profits reasonably anticipated from the continuance of the plaintiffs business that was created by the defendant’s sale and settlement of valuable services rendered and other business agreements with other parties as a result of these bad faith transactions.
According to the record, the appellant attempted to have the appellee personally served with process but the summons and complaint were returned by the Sheriff of Seminole County as “not found,” with a note that the appellee is “out of state for unknown period, in Connecticut.” The record does reflect that the appellee normally resides in Connecticut. In lieu of having the appellee served personally in Connecticut, the appellant undertook to have the appellee served by publication, in the Sanford Herald. When the appellee filed no responsive pleading, the appellant sought and obtained a clerk’s default. The appellant then took the clerk’s default and filed his “Motion for Default Judgement.” Somehow he obtained the signature of a circuit judge to a document entitled “Order for Final Judgement in Default,” the text of which is as follows:
“THIS CAUSE HAVING COME ON TO BE HEARD ON THE motion for default judgement and the court having been fully advised in the premises, it is:
ORDERED AND ADJUDGED The defendant pay plaintiff the SUM FIVE HUNDRED AND TWENTY SEVEN THOUSAND DOLLARS. THIS SUM BEING THAT REQUESTED IN THE PLEADINGS HEREIN.
ORDERED AND ADJUDGED that the MOTION FOR DEFAULT JUDGEMENT is GRANTED
DONE AND ORDERED in Sanford, Seminole County, Florida, this 23rd day of December, 1992.
On the same date this “Order for Final Judgement” was obtained, the appellant filed a lis pendens on the appellee’s Seminole County property.
On January 8, 1993, the appellant appeared during “short matter hearing time” before another circuit judge in Seminole County seeking entry of an “Order of Execution.” In reviewing the court file, Judge Newman Brock determined that no notice had been given to the appellee of the hearing at which the appellant secured the court’s signature on the order fixing unliquidated damages in the amount of $527,000. Describing the entry of the earlier order as “inadvertent”, based on a lack of notice to appellee, Judge Brock vacated it. We affirm.
On appeal, the appellant (still unburdened by opposition) contends that the appellee was not entitled to notice of the hearing on damages because she had never appeared in the case. Not surprisingly, the question of how appellant was able to obtain jurisdiction over the appelle.e for entry of a $527,000 personal *176 judgment in a breach of contract action through publication remains wholly unexplored. Appellant also complains that Judge Brock did not have the right to alter the final judgment under Florida Rule of Civil Procedure 1.540 once it had become final. As framed by the appellant, this issue is without merit because it is clear from the face of the order in question that it is not a final order, or anything close to it. As to the issue of notice, Judge Brock was clearly correct in determining the appellee was entitled to notice of the hearing to fix damages. L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); Calder v. McNess, 427 So.2d 393 (Fla. 4th DCA 1983); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980).
We affirm the judgment appealed and remand to the lower court with instructions that it determine that the action below is proceeding in accordance with the requirements of due process. We further order, pursuant to Florida Rule of Appellate Procedure 9.410, that appellant show cause within ten days why he should not be subject to sanctions imposed by this court for the filing of a frivolous appeal.
AFFIRMED and REMANDED WITH INSTRUCTIONS.
W. SHARP and GOSHORN, JJ., concur.