662 So.2d 374 (1995)
Lucy R. POWERS, Anne K. Torrance, et al., Appellants,
v.
James GENTILE, Sr., and James Gentile, Jr., Appellees.
No. 94-1242.
District Court of Appeal of Florida, Fifth District.
October 6, 1995.
Tyrie A. Boyer of Boyer, Tanzler & Boyer, P.A., Jacksonville, for Appellants.
Terence R. Perkins of Monaco, Smith, Hood, Perkins, Loucks & Stout, Daytona Beach, for Appellees.
FREEMAN, T.G., Associate Judge.
Appellants challenge a final judgment entered without a trial being held or a default being entered against them. We reverse.
The appellees filed a complaint against various defendants, corporate and individual, *375 based upon a failed investment scheme with regard to a development project in Volusia County. The complaint contained ten counts which included breach of contract, fraud, conversion, civil theft, forgery, breach of fiduciary duty, etc. After motions to dismiss were denied, appellants filed an answer to the complaint. After a pretrial conference, the lower court established a date of October 18, 1993, for a trial of the case, but the trial was never held.
On October 15, 1993, one of the codefendants, Pelican Bay East Gate Condominium Associates, filed a bankruptcy proceeding. The automatic stay which accompanies such a proceeding prevented further labor by the trial court with regard to that defendant. Appellants, apparently relying on that automatic stay with regard to the corporate defendant, did not appear on the trial date, and although appellees and their attorneys did appear, no testimony was submitted and no trial was held.
Appellees did not request that appellants be sanctioned for nonappearance, nor did the trial court do so. No request was made to enter a default against appellants for nonappearance and neither a notice of application for a default or a default was ever sent to appellants. Instead, without notice to appellants, appellees submitted affidavits to the trial judge and requested entry of a final judgment. On March 7, 1994, almost five months after the trial date, a final judgment was entered in favor of James Gentile, Sr. in the amount of $1,289,913.20, and in favor of James Gentile, Jr., in the amount of $334,913.17. This appeal followed.
Florida Rule of Civil Procedure 1.500(b) requires notice prior to the entry of a default after a party has filed an answer to a complaint. Appellants were properly noticed for the trial set for October 18, 1993, but that fact cannot support the judgment, since the trial was not held. If a trial had in fact been held, and appellees had submitted their documentary evidence and the testimony of witnesses, appellants would have received their day in court, although in absentia, and due process would have been observed. However, such was not the case.
In addition, permitting unliquidated damages to be established by affidavit without giving appellants notice and an opportunity to be heard renders this final judgment invalid. Bowman v. Kingsland Development Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Even after entry of a proper default, it is necessary to establish the amount of unliquidated damages by the taking of testimony. Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989); Air Unlimited, Inc. v. Volare Air, Inc., 428 So.2d 294 (Fla. 3d DCA 1983).
Absent the entry of a default after appropriate notice, or a trial after appropriate notice and the taking of testimony and evidence, this judgment cannot stand. Turner Properties, Inc. v. Marchetta, 607 So.2d 506 (Fla. 3d DCA 1992). We reverse and remand for a trial on all issues.
REVERSED and REMANDED.
GOSHORN and THOMPSON, JJ., concur.