751 So.2d 723 (2000)
DUNKLEY STUCCO, INC., Appellant,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, etc., Appellee.
No. 5D99-1416.
District Court of Appeal of Florida, Fifth District.
February 18, 2000.
*724 Michael S. Wilson, Altamonte Springs, for Appellant.
Mark M. Heinish, of Law Offices of Steven J. Jacobson, P. A., Ft. Lauderdale, for Appellee.
HARRIS, J.
A vehicle owned by Dunkley Stucco, Inc. and operated by its employee collided with an automobile owned by Marcos Barreiro. Barreiro's insurance company, Progressive, paid Barreiro $44, 982.72 for property damages sustained to his vehicle. Progressive, as subrogee of Barreiro's claim, sued Stucco to recover this amount together with costs and attorney's fees. Stucco defaulted and Progressive obtained a default judgment, without further notice, in the amount claimed in its complaint, interest thereon, costs, and attorney's fees.
Stucco became interested in this case in time to appeal the final judgment. It contends that since the amount claimed was unliquidated even though the amount was specified in the complaint, Stucco was entitled to receive, but did not, notice of the hearing to determine the amount of damages and attorney's fees. We agree that Stucco is entitled to a noticed hearing on the issue of attorney's fees; we do not agree that a noticed hearing was required before entering judgment in the exact amount of pleaded damages.
The effect of a default is that the defaulting party admits all well pleaded allegations of the complaint. See Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747 (Fla. 4th DCA 1997). See also Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Here, plaintiff alleged that it was damaged in the amount of $44,982.72 paid by it under its insurance policy because of property damages caused to its insured's vehicle by the negligence of defendant. By defaulting and thus failing to deny this allegation, appellant is deemed to have admitted it. This admission converts what would have been an unliquidated amount into a liquidated one. The purpose of the requirement of a "due process" hearing after default is to permit the defendant to challenge plaintiffs claim for "unliquidated" damage. Black's Law Dictionary defines an unliquidated claim as one "which has not been finally determined" and "[a] disputed claim." If defendant admits that the amount claimed is due, whether by a general admission or by default, he has, by not disputing the claim, "determined" it and is not thereafter entitled to a hearing to require plaintiff to again establish that amount to which defendant agrees he is liable.
If the default was inadvertently entered because of the excusable neglect of appellant, and hence no concession as to the amount of the claim was intended, then his remedy, assuming he can assert due diligence and a meritorious defense, is to move to set aside the default. In this case, there was no such motion. Appellant herein merely appealed the amount of damages determined from the specific demand in the complaint which was not contested by appellant.
Appellant is correct, however, as to the award of attorney's fees. Even assuming the request for attorney's fees was "well pleaded" in this property damage action, and we do not, no specific amount was set forth in the complaint and hence the claim for attorney's fees remains unliquidated. See Bowman, 432 So.2d at 663.
*725 AFFIRMED in part; REVERSED in part; REMANDED with instructions to reconsider the issue of attorney's fees.
COBB, J., concurring and concurring specially, with opinion.
DAUKSCH, J., dissenting, with opinion.
COBB, J., concurring and concurring specially.
I concur with Judge Harris's majority opinion. As pointed out by our opinion in Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983): "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., ... by application of definite rules of law." The definite rule of law applicable here is that a default admits the well-pleaded allegations of the complaint. One of the allegations of the defaulted complaint in this case is that Progressive was damaged in the amount of $44,982.72 as a result of the negligence of the driver of the defendant's vehicle. No viable issue remains as to the "accuracy" of that amount as asserted by the dissent.
The dissent's reliance on the cases of L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983) and Powers v. Gentile, 662 So.2d 374 (Fla. 5th DCA 1995) is misplaced. In L.B.T. the damages that were sought were not specifically alleged in the complaint, and therefore admitted by the default; rather, those damages were separately itemized in an affidavit after the default. Thus, the damages were unliquidated and could not be established by affidavit without a noticed hearing. In Powers no default was ever entered. In that case, a trial was held to determine unliquidated damages and affidavits were utilized in lieu of live testimony with no notice and opportunity to be heard having been afforded to the defendants. The factual posture of the instant case is clearly distinguishable from that in either L.B.T. or Powers.
DAUKSCH, J., dissenting.
I respectfully dissent.
While I agree that the attorneys fees are unliquidated and this cannot be assessed against appellant without its having the opportunity to contest the amount, I am of the opinion that the amount of damages is also of an unliquidated amount. Just because appellee pleaded and demanded the specific amount does not render the damages liquidated.
A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought. A default also admits the plaintiffs entitlement to liquidated damages due under the pleaded cause of action, but not unliquidated damages. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.
Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Also, in L.B.T. Corp. v. Camacho, 429 So.2d 88, 89 (Fla. 5th DCA 1983), Camacho sued L.B.T. for "alleged arrearages in commissions allegedly owed him." After the clerk entered a default, Camacho filed an affidavit of proof alleging that the total due was $15,153.86. Id. A default final judgment was entered and L.B.T. appealed. In a motion to vacate, L.B.T. filed an affidavit which disputed the amount owed Camacho. Id. This court held, "the damages were clearly unliquidated and the trial judge erred in awarding damages based solely on Camacho's affidavit, without notice and a hearing." Id. at 90.
Although Progressive claims a specific amount, whether the claimed amount is accurate will require testimony. Although Progressive has included an affidavit in which Progressive's Claims Service Manager claims, "DUNKLEY STUCCO, INC., *726 owes Plaintiff $44,982.72, plus interest, which sums are currently due and owing to Plaintiff" if those damages are unliquidated, then an affidavit is insufficient. See Powers v. Gentile, 662 So.2d 374, 375 (Fla. 5th DCA 1995) ("permitting unliquidated damages to be established by affidavit without giving appellants notice and an opportunity to be heard renders this final judgment invalid").
Finally, it is interesting to note that had a jurisdictional challenge been made, the complaint might have been determined deficient. In the opening "Allegations Common to All Counts" paragraph appellee alleges that the action is for "damages in excess of $5,000 but does not exceed $15,000." That alleges the county court jurisdictional amount, not circuit court.
So, I would send this case back for an evidentiary hearing on damages.