882 So.2d 533 (2004)
Stephen WATSON, Appellant,
v.
INTERNET BILLING COMPANY, LTD., a Florida Limited partnership, Appellee.
No. 4D03-3925.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
*534 Gary D. Weinfeld of Gary D. Weinfeld, P.A., Miami, for appellant.
Craig J. Trigoboff of Waldman, Feluren, Hildebrandt & Trigoboff, P.A., Weston, for appellee.
FARMER, C.J.
A defendant appeals from a trial court's denial of his motion to vacate a clerk's default and his companion motion for relief from the consequent final judgment. We affirm the denial as to the clerk's default but reverse as to the final judgment, upon a holding that the claim in question did not involve liquidated damages and therefore the defaulted defendant was entitled to notice of any trial on damages.
Plaintiff alleged that it had been retained under an oral contract to develop and place certain advertising for a firm with which defendant was a principal. It further claimed that all the defendants fraudulently induced plaintiff to "entrust" unspecified funds to the advertising firm for that purpose. It claimed that defendant, among others, converted such funds or unjustly enriched himself by failing to pay media in which such advertising was published, or unlawfully retained such funds. In an affidavit after the clerk's default was entered, the advertising firm "quantified" the total amount by stating the damages sustained "as a result of Defendant's misconduct" at $465,702.60 and that it had incurred attorneys fees of $10,194.95. The trial court entered a default judgment in that total sum.
The issue whether defendant was entitled to notice and a trial on damages depends on whether the damages were liquidated. Liquidated damages are specific and precise sums of money immediately apparent from the express terms of the contract itself, or determinable therefrom by mathematical calculation, or fixed by a specific rule of law. Hill v. Murphy, 872 So.2d 919, 922 (Fla. 2d DCA 2003) ("Damages are liquidated when they can be determined by mathematical calculation or the application of definite rules of law."); Bowman v. Kingsland Dev. Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983) ("Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law."); Hartford Fire Ins. Co. v. Controltec Inc., 561 So.2d 1334, 1335 (Fla. 5th DCA 1990) ("In a contractual setting, liquidated damages exist when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other."). When the complaint alleges only general damages without demanding a specific amount, damages are deemed unliquidated when a default admitting liability is entered. Hill, 872 So.2d at 922; Dunkley Stucco Inc. v. Progressive Amer. Ins. Co., 751 So.2d 723 (Fla. 5th DCA 2000) (when no specific amount is set forth in complaint damages remain unliquidated).
Moreover, attorneys fees are not liquidated where only a "reasonable" sum may be recovered. See Bowman, 432 So.2d at 663 ("Since the `reasonableness' of an attorneys fee or other charge for services cannot be ascertained without the presentation of facts relating to the factors that must be considered in determining the reasonableness of a fee, every claim of damages for the reasonable value of services is a claim for unliquidated damages."); Roggemann v. Boston Safe Dep. & Trust Co., 670 So.2d 1073 (Fla. 4th DCA 1996) (same).
Even though a default was entered against defendant, he was entitled to an *535 evidentiary hearing on the amount of damages, because they were unliquidated. See Fla. R. Civ. P. 1.440(c) ("In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a)."); Hill, 872 So.2d at 921-22; Medcom USA, Inc. v. Ryder Homes & Groves Co., 847 So.2d 594, 596 (Fla. 2d DCA 2003). In this case, evidence would be required to ascertain what sums if any the firm had retained by improperly withholding payment to a media client that had published the advertising. Expert and other testimony would also be necessary for any award of attorneys fees.
DEFAULT AFFIRMED; DEFAULT JUDGMENT REVERSED.
KLEIN, J., and BERGER, WILLIAM J., Associate Judge, concur.