939 So.2d 1162 (2006)
Frances DONOHUE, Appellant,
v.
Richard BRIGHTMAN, Jr., Appellee.
No. 4D05-3711.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
*1163 Gerald S. Lesher, Edna L. Caruso and Diran V. Seropian, West Palm Beach, for appellant.
No brief filed on behalf of appellee.
WARNER, J.
Frances Donohue appeals a final judgment denying her claims for declaratory relief and the imposition of a constructive trust on the condominium unit titled in the name of her nephew, Richard Brightman, but in which she has lived for the past fifteen years and paid half of all expenses. Although she obtained a default against her nephew, who never answered the complaint, the court denied her motion for final judgment and required a full trial. We reverse, as Frances was entitled to a default final judgment.
Frances filed a complaint against Brightman, seeking a declaratory judgment and a constructive trust. In the complaint she alleged that her husband, Joseph Donohue, leased a condominium unit in 1988. The owner wished to sell the unit and contacted Frances and Joseph about the prospect of purchasing the property. According to the complaint, the Donohues and their great-nephew Brightman agreed to purchase the property together. Brightman was extremely close to the Donohues, who treated him like a son.
Shortly before the closing of the transaction, Brightman convinced the Donohues that he should take title to the property alone, and that he would hold their interest in trust for them. The Donohues were to put up half the cash needed to close, and thereafter they would pay half of the mortgage payment, taxes, maintenance and assessments to Brightman. The Donohues would remain in sole possession of the condominium unit and would pay for all repairs. In the event that they vacated the property, the condo would be sold and the net proceeds would be divided one-half to Brightman and one-half to the Donohues.
From the date of the closing until 2004, the Donohues paid Brightman one-half of the mortgage payments, taxes, maintenance and assessments. However, in April 2004, after the death of Joseph Donohue, Frances Donohue learned that Brightman was in default on the mortgage. *1164 On April 10, 2004, Frances brought the mortgage current and continued to pay the mortgage payments directly to the bank. She attempted to contact Brightman concerning the mortgage, but he would not respond.
Frances discovered that Brightman intended to sell the property and use the proceeds from the sale to pay his federal tax lien. According to the complaint, Brightman had no intention of sharing the proceeds of the sale with Frances. The complaint noted that Frances was "unsure of her rights" and in count I she sought a declaratory judgment to determine her interest in the property. Frances sought a "one-half undivided interest in the property."
In count II, Frances sought a constructive trust over one-half of the property. She alleged that she lacked an adequate remedy at law and that she had clean hands. Frances alleged that Brightman breached his fiduciary duties as a trustee by: 1) not making mortgage payments from funds she paid to him; 2) allowing her interest in the property to become encumbered with a federal tax lien for Brightman's personal tax liabilities; and 3) attempting to sell the property and divest her of her equitable interest in the property.
Brightman never filed any responsive pleading to the complaint. Frances moved for an entry of default by the clerk. Shortly thereafter, the clerk entered a default against Richard Brightman for failure to serve a pleading. Frances filed a motion for final judgment after default. In support of Frances' motion for final judgment, she filed the affidavit of Sherlyn Brightman, Brightman's ex-wife, who was married to him at the time of the condo purchase. The affidavit essentially confirmed the allegations of the complaint. Despite the clerk's default and the failure of Brightman to file any paper or pleading in the case, the court denied the motion for final judgment. Nevertheless, no answer was ever filed by Brightman nor any other paper except for a letter to the judge requesting that the case be excused from the standard pre-trial mediation, which the court granted.
Despite the default and Brightman's failure to answer the complaint, the court still conducted a full trial on the matter. At trial, Frances' counsel again informed the court of the default. During Frances' case-in-chief, she and three other witnesses testified to numerous instances in which Brightman had acknowledged making the oral agreement concerning the property. Brightman's testimony did not rebut the existence of the oral agreement, as he failed to testify to his version of events. Rather, Brightman briefly took the stand merely to authenticate certain documents, and then argued that title to the property was in his name alone. Nevertheless, despite the default and the uncontradicted testimony concerning the oral agreement between the parties, the trial court entered judgment for Brightman. Frances appeals.
We reverse because the court erred in entering judgment for Brightman when he had been defaulted in the proceeding, and no motion was made to set aside the default or even to answer the complaint. Pursuant to Florida Rule of Civil Procedure 1.500(a), Frances had obtained a default against Brightman for failure to answer the complaint. A default terminates the defending party's right to further defend, except to contest the amount of unliquidated damages. Kaplan v. Morse, 870 So.2d 934, 936 (Fla. 5th DCA 2004); see also Henry P. Trawick, Jr., Florida Practice and Procedure § 25-2 (2005 ed.). When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint. State *1165 Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1072 (Fla. 4th DCA 2001). "[T]he entry of default precludes a party from contesting the existence of the plaintiff's claim and liability thereon. Thereafter, a party has the right to contest damages caused by the party's wrong but no other issue." Fla. Bar v. Porter, 684 So.2d 810, 813 n. 4 (Fla.1996) (citations omitted).
Unless the court set aside the default, which it did not, Frances was entitled to rely on it as to the material allegations of her complaint, and Brightman was not entitled to contest Frances' claim. We are completely perplexed as to why the court denied the motion for entry of a default judgment and permitted Brightman to offer any evidence contesting Frances' claim when he never moved to set aside the default or even to file an answer to the complaint.
The complaint did not request unliquidated damages. Therefore, the default cut off Brightman's right to defend the allegations and claims for relief. Frances did not have to offer proof of her claim, but the proof she offered was overwhelming.
Because Brightman was defaulted in these proceedings, the court erred in entering judgment in his favor. We reverse and remand for entry of a final judgment in her favor.
KLEIN and GROSS, JJ., concur.