GROSS, J.
Bodygear Aetivewear, Inc. appeals the trial court’s denial of its motion to vacate final judgment and set aside a default. We affirm the order refusing to set aside the default as being within the court’s discretion after an evidentiary hearing. However, because the circuit court entered a final judgment for unliquidated damages without the notice and hearing required by the rules of civil procedure, we reverse the order denying the motion to vacate the final judgment.
On November 14, 2003, appellee, Counter Intelligence Services,' Inc., filed suit against Bodygear for breach of contract. The complaint alleged that pursuant to an oral agreement, Counter Intelligence was to construct a museum-style advertisement booth within the Fort Lauderdale International Airport for Bodygear to advertise its business. In exchange, for the ten-year term of its lease, Bodygear was to place in the booth a sign advertising Counter Intelligence’s business. Counter Intelligence claimed that it fully performed under the contract, but that Bodygear failed to incorporate a sign advertising its business with-' in the booth. The complaint contained a demand for a trial by jury.
On March 5, 2004, Counter Intelligence moved for default on the basis of Body-gear’s failure to file, or serve any paper in response to the complaint. The same day, the clerk entered a default against Body-gear.
On September 29, 2005, Counter Intelligence moved for the entry of a final judgment based upon the default. In support of its motion, Counter Intelligence filed an affidavit of its owner and president. The affidavit stated that Counter Intelligence (1) incurred $12,000 in expenses to construct the booth, (2) lost future accounts, that “would have been generated by advertising within” the booth, of $50,000, or $5,000 per year for the ten-year duration of the agreement, and (3) expended $1,000 for a sign for display in the booth.
On September 30, 2005, without a hearing or trial, the circuit court entered a final judgment for $63,000.
On October 19, 2005, Bodygear. filed its motion to vacate the final judgment and set aside the default. The trial court held an evidentiary hearing on January 3, 2006 and denied the motion on March 8, 2006.
We affirm that portion of the order denying the motion to set aside the default. There was conflicting evidence at the hearing as to whether Bodygear served “any paper in the action” under Florida Rule of *1150 Civil Procedure 1.500(a). The circuit court did not abuse its discretion in resolving this issue against Bodygear.
We agree with Bodygear that it was entitled to a trial on the amount of damages.
A default admits a plaintiffs entitlement to liquidated damages under a well-pled cause of action, but not to unliq-uidated damages. Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983); see Watson v. Seat, 8 Fla. 446, 447 (1859)[1]; Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998). It is well-settled that “[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliq-uidated damages.” Asian Imports, Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994) (quoting Bowman, 432 So.2d at 662); Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133, 1134-(Fla. 5th DCA 1987).
“Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.” Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998) (quoting Bowman, 432 So.2d at 662); Sloan v. Freedom Sav. & Loan Ass’n, 525 So.2d 1000, 1001 n. 1 (Fla. 5th DCA 1988). Actions for sums directly due on negotiable instruments are for liquidated damages, since every negotiable instrument must be an “unconditional promise or order to pay a certain sum in money.” See Bowman, 432 So.2d at 662 (citations omitted). Moreover, liquidated damages may exist in a contractual setting “when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other.” Hartford Fire Ins. Co. v. Controltec, Inc., 561 So.2d 1334 (Fla. 5th DCA 1990).
However, damages are not liquidated if a court must consider testimony or evidence “to ascertain facts upon which to base a value judgment.” Bowman, 432 So.2d at 662; see Parker v. Dekle, 46 Fla. 452, 35 So. 4 (1903) (finding fundamental error because, to determine a reasonable attorney’s fee, testimony would be required — damages could not be ascertained solely by an ex parte affidavit from an attorney to the effect that $40 would be a reasonable fee); Pierce, 721 So.2d at 783 (stating that damages are unliquidated “[i]f testimony must be taken to determine the exact amount of damages.”); Tand v. C.F.S. Bakeries, Inc., 559 So.2d 670 (Fla. 3d DCA 1990) (finding that damages were unliquidated where the amended complaint made reference to an exhibit that merely stated that the defendant owed the plain *1151 tiff the sum of $7,219.06); Hartford Fire Ins. Co. v. Controltec, Inc., 561 So.2d 1334 (Fla. 5th DCA. 1990) (rejecting plaintiffs assertion that its damages were liquidated simply because a fixed sum was- demanded by the complaint).
Watson v. Internet Billing Co., 882 So.2d 533 (Fla. 4th DCA 2004), provides an example of unliquidated damages. There, the plaintiff claimed that the defendant converted funds and unjustly enriched himself by failing to pay media clients who published advertising developed by the plaintiff. Id. at 534. After a clerk’s default was entered, the plaintiff filed an affidavit that “quantified” the amount of damages as $465,702.60. We held that such damages were unliquidated, because “evidence would be required to ascertain what sums if any the firm had retained by improperly withholding payment to a media client that had published the advertising.” Id.; see also Boulos v. Yung Sheng Xiamen Yong Chem. Indus. Co., 855 So.2d 665 (Fla. 4th DCA 2003) (holding that lost profits in a breach of contract action were unliquidated damages, so that a trial noticed under rule 1.440(c) was required before awarding the damages in a final judgment).
All the damages Counter Intelligence sought for the breach of contract were unliquidated. For lost profits[2] or sums expended to perform a contract, testimony or other evidence is necessary “to ascertain facts upon which to base a value judgment” and set a damage figure. Therefore, even though it was in default, Bodygear was entitled to an evidentiary hearing on the issue of damages noticed in compliance with Florida Rule of Civil Procedure 1.440. See Roggemann v. Boston Safe Deposit & Trust Co., 670 So.2d 1073, 1075 (Fla. 4th DCA 1996). Florida Rule of Civil Procedure 1.440(c) requires that “[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).”
We reverse the final judgment and remand to the trial court to set a trial on damages. We affirm that portion of the order denying the motion to set aside the default.
SHAHOOD and HAZOURI, JJ., concur.

. As the fifth district has observed, the requirement of a trial to assess unliquidated damages after a default is not new to Florida law. See Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663-64 (Fla. 5th DCA 1983).
In Watson v. Seat, 8 Fla. 446, 447 (1859), the defendant failed to plead, but claimed the right to be heard as to the amount of damages. The trial court refused to allow the defendant to inquire into this aspect of the case. Reversing the trial court, the supreme court held that by failure to plead the defendant admitted the plaintiff’s right to recover on the pleaded cause of action but nothing more and therefore the defendant was entitled to be heard as to damages. The court observed that this point of practice had not theretofore been made before that court “for the reason, perhaps, that the rule prevailing in the circuit court has been so generally acquiesced in, and we think such practice consonant with reason, justice, and law.”
Bowman, 432 So.2d at 664 (quoting Watson, 8 Fla. at 447).

. We do not reach the issue of whether the lost profits claimed are a proper element of damages in this case. See Massey-Ferguson, Inc. v. Santa Rosa Tractor Co., 415 So.2d 865, 867 (Fla. 1st DCA 1982); Levitt-ANSCA Towne Park P'ship v. Smith & Co., 873 So.2d 392, 396 (Fla. 4th DCA 2004); see generally, Marshall Constr., Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845 (Fla. 1st DCA 1990).