DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STANISLAV KOTLYAR,**
Appellant,

v.

**METROPOLITAN CASUALTY INSURANCE COMPANY,** as subrogee of
CHERYL DAMBROSIO,
Appellee.

Nos. 4D14-1878 and 4D14-4377

[May 18, 2016]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 2014CA001228XXXXMB.

George P. Ord of Murphy Reid, LLP, Palm Beach Gardens, for appellant.

Sarah Clark, St. Petersburg, for appellee.

CONNER, J.

In this subrogation action, Stanislav Kotlyar appeals the final default judgment in favor of Metropolitan Casualty Insurance Company and the denial of his motion to vacate the default and judgment. Kotlyar argues that the trial court erred in (1) determining the damages to be liquidated, and in turn, entering final judgment for damages without an evidentiary hearing, and (2) in denying his motion to set aside the default and judgment, where allowing a default judgment to stand against him, absent an adjudication regarding the liability of his wife, could lead to an absurd and unjust result. We agree, and reverse and remand for further proceedings.

*Factual Background and Trial Court Proceedings*

Metropolitan, as subrogee of Cheryl Dambrosio ("the Insured"), filed a complaint against Kotlyar and his wife concerning a motor vehicle collision involving the Insured. The complaint alleged that on the date of the incident, Kotlyar and his wife owned a vehicle which was negligently and carelessly operated by Kotlyar's wife.

Count 1 of the complaint asserted an uninsured motorist claim in which Metropolitan alleged that, as a direct and proximate result of the negligence of Kotlyar and his wife, the Insured suffered:

> personal injury, disability, discomfort, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of wages and loss of wage-earning capacity, and aggravation of pre-existing conditions all of which conditions are continuing or are permanent in nature; and further, for the care and treatment of these injuries.

Metropolitan alleged that as a result of these injuries, it paid the Insured the sum of $50,000.00 and was entitled to subrogation in that amount, as well as prejudgment interest and costs of the action.

Count 2 of the complaint asserted a property damage claim in which Metropolitan alleged that, as a direct and proximate result of the negligence of Kotlyar and his wife, the Insured's motor vehicle was damaged and depreciated in value. Metropolitan alleged that as a result of these damages, it paid the Insured the sum of $3,389.85 and the Insured incurred a deductible of $1,400.00 and was entitled to subrogation in that amount. Thus, Metropolitan sought a judgment against Kotlyar and his wife for the amount of $4,789.85, together with prejudgment interest and costs, for a total due under both Counts 1 and 2 of $54,789.85, together with prejudgment interest and costs of the action.

Kotlyar's wife filed a *pro se* answer to the complaint on her own behalf, wherein she denied liability and responsibility for damages. Kotlyar did not file an answer to the complaint and a default was entered against him. Thereafter, Metropolitan filed a motion for entry of final default judgment against Kotlyar, asserting that by his default, he had admitted liability. Additionally, Metropolitan asserted that the damages in this case were "liquidated" in nature, and that Metropolitan was therefore entitled to a final default judgment without a hearing as to damages. The trial court entered a final default judgment as to Kotlyar, based on his default and Metropolitan's supporting affidavits which attested to the amounts paid to the Insured as listed in the complaint.

Afterward, Kotlyar filed a motion to vacate the default and judgment, arguing that the judgment was void because the complaint sought *unliquidated* damages, and that a defaulting party is entitled to notice and an opportunity to be heard when the amount of damages is unliquidated.

2

Additionally, Kotlyar's motion asserted that his failure to respond to the complaint was due to excusable neglect, that he had a meritorious defense to the action, and that he acted with due diligence in moving to set aside the default.

After a hearing, the trial court denied Kotlyar's motion, finding that Kotlyar failed to establish excusable neglect. The trial court specifically found that Kotlyar was personally served with the summons and the complaint, and that Kotlyar failed to read the documents, seek the advice of an attorney, file an answer or any paper with the court, or take any action to protect his interest. Additionally, the trial court found that Kotlyar was charged with notice of the contents served upon him, including the specific amount of damages sought by Metropolitan, which the trial court found to be "liquidated." Accordingly, the trial court found that Kotlyar's liability and damages were admitted by his default. Thereafter, Kotlyar gave notice of appeal.

*Appellate Analysis*

Kotlyar argues that the trial court erred in (1) determining the nature of the damages, and in turn, entering a final default judgment for damages without an evidentiary hearing, and (2) in denying his motion to vacate the default and judgment, where allowing a default judgment to stand against him, without an adjudication as to the liability of his wife, could lead to an absurd and unjust result.

Determination of the Nature of the Damages

"Whether damages alleged are liquidated or unliquidated is a question of law subject to de novo review." *Talbot v. Rosenbaum,* 142 So. 3d 965, 967 (Fla. 4th DCA 2014). We have held that "'the setting of unliquidated damages without the required notice and without proof is regarded as fundamental error.'" *Id.* (quoting *Cellular Warehouse, Inc. v. GH Cellular, LLC,* 957 So. 2d 662, 666 (Fla. 3d DCA 2007)).

"When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint." *Phadael v. Deutsche Bank Trust Co. Ams.,* 83 So. 3d 893, 895 (Fla. 4th DCA 2012) (citing *Donohue v. Brightman,* 939 So. 2d 1162, 1164 (Fla. 4th DCA 2006)). "Likewise, a default terminates the defending party's right to further defend, except to contest the amount of *unliquidated* damages." *Id.* (emphasis added) (citing *Donohue,* 939 So. 2d at 1164). We have consistently held that, "'[a] default admits a plaintiff's entitlement to *liquidated* damages under a well-pled cause of action, but not to *unliquidated* damages.'" *Talbot,* 142 So. 3d at

3

967 (emphasis added) (quoting *BOYI, LLC v. Premiere Am. Bank, N.A.,* 127 So. 3d 850, 851 (Fla. 4th DCA 2013); *Minkoff v. Caterpillar Fin. Servs. Corp.,* 103 So. 3d 1049, 1051 (Fla. 4th DCA 2013)); *Bodygear Activewear, Inc. v. Counter Intelligence Servs.,* 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006). Furthermore, "[i]t is well-settled that '[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.'" *Bodygear*, 946 So. 2d at 1150 (quoting *Asian Imports, Inc. v. Pepe,* 633 So. 2d 551, 552 (Fla. 1st DCA 1994)). In other words, while entry of a default terminates the defendant's right to contest liability or the plaintiff's entitlement to *liquidated* damages, entry of a default does not deprive the defendant of the right to a hearing to determine damages which are *unliquidated*.

It is undisputed in this case that a hearing was not held for the determination of the amount of damages prior to the trial court's entry of the final judgment against Kotlyar for the amount of damages sought in the complaint.

We have previously explained that "'[d]amages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, *i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.'" *Id.* (emphasis added) (quoting *Pierce v. Anglin,* 721 So. 2d 781, 783 (Fla. 1st DCA 1998)). For example, "liquidated damages may exist in a contractual setting 'when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other.'" *Id.* (quoting *Hartford Fire Ins. Co. v. Controltec, Inc.,* 561 So. 2d 1334 (Fla. 5th DCA 1990)). "However, damages are not liquidated if a court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment.'" *Id.* (quoting *Bowman v. Kingsland Dev., Inc.,* 432 So. 2d 660, 662 (Fla. 5th DCA 1983)); *see also Hartford Fire,* 561 So. 2d at 1335 (rejecting plaintiff's assertion that its damages were liquidated simply because a fixed sum was demanded by the complaint; thus, alleging a fixed sum in the complaint does not render unliquidated damages, liquidated).

Here, Kotlyar argues that the damages sought in the complaint alleging a fixed sum, were in fact unliquidated damages. We agree. Count I of the complaint sought damages for personal injury, disability, discomfort, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of wages and earning capacity. Count 2 sought recovery for property damage to the Insured's vehicle. These damages are the very types of unliquidated damages for which a hearing must be held to determine the

proper amount to be awarded. Neither the damages sought for the personal injuries alleged in Count 1, nor the property damage alleged in Count 2, can be determined from an agreement between the parties, by arithmetical calculation, or by application of any definite rule of law. As such, we hold that the nature of the damages alleged in this case are unliquidated, and although Kotlyar admitted to liability by defaulting, he would nevertheless be entitled to a hearing regarding the amount of unliquidated damages before such can be awarded.

Metropolitan argues the trial court correctly determined the damages in this case were liquidated, citing *Dunkley Stucco, Inc. v. Progressive American Insurance Co.*, 751 So. 2d 723 (Fla. 5th DCA 2000). We agree that the facts in *Dunkley* are very similar to the facts in this case, where an insurer brought a claim, as subrogee, to recover the amount it paid as an insurer to its insured, after the insured was injured in a car accident caused by the defendant. *Id.* at 724. There, as in this case, a default final judgment was entered against the defendant and the defendant appealed the trial court's denial of his motion to vacate the judgment on the argument that the damages were unliquidated, and the defendant was entitled to an evidentiary hearing on damages. *Id.* The Fifth District held that because the complaint stated specific amounts for damages, the default against the defendant "converts what would have been an unliquidated amount into a liquidated one." *Id.* The Fifth District went on to say:

> If defendant admits that the amount claimed is due, whether by a general admission or by default, he has, by not disputing the claim, "determined" it and is not thereafter entitled to a hearing to require plaintiff to again establish that amount to which defendant agrees he is liable.

*Id.*

Our research reveals no other appellate district that has agreed with the Fifth District's position in this factual scenario.

We cannot agree with the Fifth District's position because it ignores the legal status of a subrogee. A subrogee stands in the shoes of the subrogor. *Fla. Patient's Comp. Fund v. St. Paul Fire and Marine Ins. Co.*, 559 So. 2d 195, 197 (Fla. 1990) ("[A]n insurer cannot have a greater right than the insured through the remedy of subrogation."). Thus, if the same suit had been filed by the insured, rather than the insurer, there is no doubt that the claims for damages would be unliquidated. *Rich v. Spivey*, 922 So. 2d 326, 327 (Fla. 1st DCA 2006) ("[A] claim for a sum certain in a complaint

5

does not render such alleged damages liquidated."); *see also U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc.,* 674 So. 2d 169, 172 (Fla. 3d DCA 1996) ("The fact that [plaintiff] alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated."). Thus, we disagree that filing a claim by a subrogee, citing specific amounts of damages, "converts" the damages from unliquidated to liquidated, and we certify conflict with the Fifth District on that issue.

Denial of Kotlyar's Motion to Set Aside Default and Default Judgment

While we do not determine that the trial court erred in finding that Kotlyar failed to establish excusable neglect, we agree with Kotlyar's contention that allowing a default judgment to stand against him, without an adjudication as to the liability of his wife, could lead to an absurd and unjust result.

In *Days Inns Acquisition Corp. v. Hutchinson*, 707 So. 2d 747, 749 (Fla. 4th DCA 1997), we confronted the issue of "whether there are any limitations on the trial court's discretion to enter a default judgment where the liability of the non-defaulting co-defendant has not yet been determined." In that case, we rejected the notion that a trial court is required "to defer entry of a default judgment in *all* cases where there are non-defaulting defendants." *Id.* at 751 (emphasis added). However, we also rejected the notion that "a plaintiff is *always* entitled to a default judgment against a defaulting defendant prior to the adjudication of the merits against non-defaulting co-defendants." *Id.* (emphasis added). In this regard, we explained:

> In exercising its discretion, the trial court should evaluate whether the entry of the default judgment could lead to an absurd, unjust, or logically inconsistent result. *Where, as here, relief against one defendant is completely dependent upon the liability of a co-defendant, it would be improper to allow the final judgment to be entered until the liability of the co-defendant has been decided.*

*Id.* (emphasis added).

Likewise, in this case, allowing a default judgment to stand against Kotlyar, without an adjudication as to the liability of his wife, could lead to an absurd and unjust result if Metropolitan is able to obtain damages against Kotlyar based solely on his ownership of the vehicle, prior to an adjudication that his wife negligently operated that vehicle. Review of the complaint reflects that it alleged no particular independent wrongdoing by

6

Kotlyar; instead, it appears that his liability as the owner of the vehicle rests entirely upon the theory that his wife was negligent in operating the vehicle that they owned together. Therefore, because Kotlyar's liability is completely dependent upon his wife's liability, it would be improper to allow the final default judgment to be entered until the liability of Kotlyar's wife has been determined.

Accordingly, we reverse the final default judgment. If Metropolitan's claim against Kotlyar's wife as to her negligence in the accident is concluded in Metropolitan's favor, the final default judgment against Kotlyar may be re-entered after a hearing is held for the determination of the amount of damages. *See id.* at 752. However, we do not contend that Kotlyar may participate as a party or otherwise defend against Metropolitan's claim against his wife. *See id.* at 752 n.6.

*Reversed and remanded.*

STEVENSON, J., concurs.
DAMOORGIAN, J., dissents in part and concurs in part.

DAMOORGIAN, J., dissenting in part and concurring in part.

I dissent on the issue of the determination of the nature of damages and would adopt the Fifth District's reasoning in *Dunkley.* As the court in *Dunkley* noted, "[t]he effect of a default is that the defaulting party admits all well pleaded allegations of the complaint." *Dunkley,* 751 So. 2d at 724. In this case, the exact amount of damages being sought were pled in the complaint. The pleading, therefore, left no question as to what amounts were being sought or what amounts could be awarded upon entry of default. By definition, the damages became liquidated upon default. *See id.* I concur with the majority on the status of the default pending a resolution of the negligence claim against Kotlyar's wife.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7