DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARRY STAMPER,**
Appellant,

v.

**ASISH SAHAI, MD, FAAOS,**
Appellee.

No. 4D19-3469

[March 31, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. CACE 17-015799(03).

Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Michael J. Styles of Michael J. Styles, P.A., Fort Lauderdale, for appellant.

Paul Ranis, John L. McManus and Austin Bodnar of Greenberg Traurig, P.A., Fort Lauderdale, and Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, for appellee.

ARTAU, J.

Appellant, Larry Stamper ("defendant"), was found liable by entry of default in a defamation action brought against him by Appellee, Dr. Asish Sahai ("plaintiff"), a spine surgeon. Defendant seeks reversal of the defamation judgment entered against him by asserting that the trial court erred in: (1) striking his pleadings, (2) accepting the sufficiency of plaintiff's cause of action as pled, and (3) failing to conduct an evidentiary hearing on damages. While we affirm the trial court on the first two issues, we reverse on the third issue and remand for an evidentiary hearing on damages.

**Background**

Plaintiff sued defendant for defamation stemming from defendant's online postings after defendant became disappointed with the results of plaintiff's surgery on defendant's spine. After defendant repeatedly failed

to respond to discovery and other court directives, the trial court struck his pleadings, including his defenses, and entered a default against him. In seeking the entry of final judgment after default, plaintiff presented a damages affidavit claiming he had experienced a "total" loss of $315,000.00, exclusive of attorney's fees and costs. In its final judgment after default, the trial court relied upon the affidavit to find that the damages sought were reasonable and would fairly and adequately compensate plaintiff.

Defendant argues that the damages sought by plaintiff were unliquidated. Thus, he argues, the trial court erred in relying upon an affidavit in lieu of holding a trial or evidentiary hearing on damages. We agree.

## Standards of Review

"'Whether damages alleged are liquidated or unliquidated is a question of law subject to de novo review.'" *Kotlyar v. Metro. Cas. Ins. Co.*, 192 So. 3d 562, 564 (Fla. 4th DCA 2016) (quoting *Talbot v. Rosenbaum*, 142 So. 3d 965, 967 (Fla. 4th DCA 2014)). Where an action involves unliquidated damages, "'a party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.'" *Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) (quoting *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)). Consequently, "'[t]he setting of unliquidated damages without the required notice and without proof is regarded as fundamental error.'" *Id.* (quoting *Sec. Bank, N.A. v. BellSouth Advert. Publ'g Corp.*, 679 So. 2d 795, 800 (Fla. 3d DCA 1996)).

## Analysis

While a default terminates the defending party's right to further contest liability, it does not terminate the defendant's right to contest the amount of any unliquidated damages. *Kotlyar*, 192 So. 3d at 565. "Furthermore, [i]t is well-settled that '[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.'" *Id.* (quoting *Asian Imps., Inc. v. Pepe*, 633 So. 2d 551, 552 (Fla. 1st DCA 1994)). In other words, the entry of a default does not deprive a defendant of the right to an evidentiary hearing to determine damages which are unliquidated. *Id.* Moreover, "damages are not liquidated if a court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment.'" *Bodygear Activewear, Inc. v.*

*Counter Intel. Servs.*, 946 So. 2d 1148, 1150 (Fla 4th DCA 2006) (quoting *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983)).

Damages are liquidated when the amount sought "'can be determined with exactness'" from an agreement, by an "'arithmetical calculation'" or "'by application of definite rules of law.'" *Cellular Warehouse*, 957 So. 2d at 665 (quoting *Bowman*, 432 So. 2d at 662). Conversely, damages are not liquidated "'if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.'" *Id.* (quoting *Bowman*, 432 So. 2d at 663).

The lost business damages which plaintiff claims to have suffered because of the defamatory statements cannot be ascertained without testimony or evidence of the appropriate monetary value of these alleged damages. *See Boulos v. Yung Sheng Xiamen Yong Chem. Indus. Co., Ltd.*, 855 So. 2d 665, 667 (Fla. 4th DCA 2003) (holding that lost business damages cannot be determined without evidence as they are unliquidated). Thus, the damages sought here by plaintiff are unliquidated.

Here, plaintiff's affidavit alleged that defendant's statements injured his reputation as a spinal surgeon and teacher. In essence, plaintiff claims that the amount requested compensates him for the lost business damages he suffered because of the defamatory statements. Such damages are difficult to categorize and therefore are unlike a simple arithmetical calculation of itemized fees or costs established by an agreement or monetary schedule. Such damages require a set of facts from which a value judgment may be made as to how the defamatory statements affected plaintiff's business relationships and reputation in the medical and educational fields. Because no trial occurred, the damages asserted in the affidavit were accepted as proof without providing defendant an opportunity to contest them.

**Conclusion**

Defendant was deprived of the opportunity to contest the alleged unliquidated damages at a properly noticed trial or evidentiary hearing on damages. Due process requires that even when a party has defaulted, the defaulting party is still entitled to an evidentiary hearing where the plaintiff must present proof of any claim for unliquidated damages and the defendant is provided an opportunity to challenge plaintiff's claim to those damages.

The trial court's failure to conduct a trial or evidentiary hearing on the asserted unliquidated damages was error. Accordingly, while we affirm

the trial court's rulings on the other issues argued by defendant, we reverse and remand for a trial or evidentiary hearing on the unliquidated damages claimed by plaintiff.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, C.J., and MAY, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**