FRANK, Chief Judge.
Charlotte Harbor Properties Associates, Ltd. and Charlotte Harbor Properties, Inc. (Charlotte Properties) have appealed from an order denying relief from a final judgment. Although this matter followed a somewhat complex procedural course, it is sufficient for present purposes to note that a default judgment was entered by the trial court in favor of James J. Huff. Although Charlotte Properties has raised several issues in an attack upon the judgment, the only point with merit concerns the trial court’s failure to hold an evidentiary hearing before entering final judgment in the amount of $108,670.51. The final judgment must be reversed and vacated only to the extent of the amount of damages.
Huffs amended complaint, which was the sole basis for the trial court’s action, pleads an entitlement to unliquidated damages in the amount of $108,500. See Tand v. C.F.S. Bakeries, Inc., 559 So.2d 670 (Fla. 3rd DCA 1990). In light of the absence of an eviden-tiary hearing, Charlotte Properties’ post judgment motion for relief correctly disputed the imposition of dollar liability. Because Huffs pleaded damage claim is not based upon an arithmetically certain calculation or the application of definite rules of law, see Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983), the trial court erred in denying Charlotte Properties’ motion to set aside the final default judgment.
Accordingly, the final default judgment is vacated and we remand for a determination *230 of actual damages based upon an evidentiary record.
BLUE and LAZZARA, JJ., concur.