837 So.2d 451 (2002)
FIERA.COM, INC., Appellant,
v.
DIGICAST NEW MEDIA GROUP, INC., Appellee.
No. 3D02-441.
District Court of Appeal of Florida, Third District.
December 11, 2002.
Rehearing and Rehearing Denied February 12, 2003.
Zorrilla & Garcia-Oliver, and Juan C. Zorrilla; and Shook, Hardy & Bacon, and Richard C. Smith, and Barbara J. Riesberg, Miami, for appellant.
Martin A. Feigenbaum, Miami, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied February 12, 2003.
RAMIREZ, J.
Fiera.com, Inc. appeals the denial of its motion requesting relief from a judgment entered pursuant to an entry of default and from a final judgment of garnishment. We reverse because Fiera should have been given the opportunity to defend against the amount of damages to be awarded to plaintiff DigiCast New Media Group, Inc.
Fiera entered into an agreement with DigiCast for media planning and consulting. The agreement stated that DigiCast would receive a 15% agency commission from the media for all media buys it arranged for Fiera. In addition, the agreement *452 stated that "[i]n the event that media placement is cancelled, defaulted or abandoned, DigiCast will then receive $250.00/ hr. for media planning and consulting services plus expenses." DigiCast subsequently withdrew as consultant and submitted a bill to Fiera for the total hours it spent on proposals, budget, meetings, and travel. DigiCast billed the hours at $250.
On October 15, 2001, DigiCast filed a complaint against Fiera alleging breach of contract and unjust enrichment. DigiCast moved for a clerk's default on November 7, 2001, and final judgment in favor of DigiCast in the amount of $126,396.00 was entered on December 7, 2001. Fiera did not receive notice of the application for clerk's default and no notice of final judgment. A writ of garnishment was issued on December 10, 2001, and Fiera learned of the garnishment on December 13, 2001.
Fiera filed a motion for relief from judgment and to vacate the default on January 7, 2002, alleging excusable neglect pursuant to rule 1.540 and lack of notice of both the motion for default and the entry of judgment. After a hearing on January 10, 2002, the trial court denied Fiera's motion to vacate the default, as well as its motion for rehearing.
Fiera argues that it was entitled to a hearing on damages because the damages were unliquidated. We agree. "Where an action involves unliquidated damages, a party against whom a default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend." Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998). If testimony must be taken to determine the exact amount of damages or to ascertain facts upon which to base a value judgment, the claim is unliquidated. See Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662-63 (Fla. 5th DCA 1983).
In this case, the agreement stated that DigiCast would receive 15% commission as compensation. DigiCast was entitled to the hourly fee of $250 only if media placement was cancelled, defaulted or abandoned. The complaint erroneously alleges that Fiera agreed to compensate DigiCast at the rate of $250 per hour. It never alleges that Fiera ever cancelled, defaulted or abandoned any media placement. Thus, it is doubtful whether the complaint even states a cause of action. "When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint." State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1072 (Fla. 4th DCA 2001).
Furthermore, testimony was required to determine the reasonable number of hours worked by DigiCast on the cancelled, defaulted or abandoned media placement and the amount of expenses incurred. The two count complaint alleged a breach of contract in count one, and unjust enrichment in count two. We fail to see how count two could possibly justify an award of liquidated damages. In this count, DigiCast pled that "at a minimum," the benefits conferred had a "reasonable value of $111,774.00." The allegations are obviously cast in language indicative that the damages have not been finally determined.
As to count one for breach of contract, even assuming the count was "well-plead," this count contains no specific amount set forth in the complaint. See Dunkley Stucco, Inc. v. Progressive American Ins. Co., 751 So.2d 723, 724 (Fla. 5th DCA 2000). The exhibit attached to the complaint was legally insufficient, conclusory, indecipherable and woefully inadequate to fulfill this requirement. Extrinsic evidence was necessary to determine the amount of damages, making the damages unliquidated. Thus, Fiera should have been given an *453 opportunity to defend against the amount of damages before the entry of a final judgment.
Reversed and remanded.