847 So.2d 594 (2003)
MEDCOM USA, INC., Appellant,
v.
RYDER HOMES AND GROVES CO., Appellee.
No. 2D02-3028.
District Court of Appeal of Florida, Second District.
June 20, 2003.
*595 Michael J. Appleton, Orlando, for Appellant.
Neil A. Roddenbery of Gray Harris Robinson Lake Trohn, Lakeland, for Appellee.
STRINGER, Judge.
Medcom USA, Inc. ("Medcom") seeks review of the trial court's order denying its motion to set aside default judgment in Ryder Homes and Groves Co.'s ("Ryder Homes") action for breach of lease against Medcom. We affirm the denial of relief from the default judgment as to liability, but reverse for an evidentiary hearing as to damages and attorney's fees.
In May 2000 Medcom agreed to lease approximately 8323 square feet of commercial space in Lakeland, Florida, from Ryder Homes. The lease requires Medcom to contribute $187,402.06 to construction costs, $95,000 of which is to be amortized over the five-year term of the lease and evidenced by a promissory note. In the event of a default, the lease provides that Ryder Homes may take possession of the premises, but Ryder Homes becomes obligated to utilize its best efforts to find a replacement tenant. Rent realized from a reletting of the premises is to be credited against the balance due from Medcom, subject to the deduction of costs and expenses associated with the reletting. The lease also contains a rent acceleration clause.
On October 15, 2001, Ryder Homes filed a three-count complaint against Medcom. Count one seeks a judgment for possession. Count two requests unspecified damages for breach of the lease. Count three alleges a default under the $95,000 note, declares the unpaid balance accelerated, and demands judgment therefor. The clerk entered a default on count one on October 30, 2001, and the court entered a final judgment for possession the following day. Ryder Homes took possession of the premises on November 5, 2001.
On December 10, 2001, the clerk issued a pluries summons for service on "Bill Williams, President & CEO" of Medcom, at an office address in Scottsdale, Arizona. A return of service executed by Jill C. Slavin of Track Down, Inc. states that the summons and complaint were served on Williams personally on December 19, 2001. Based upon this return, the clerk entered a default as to counts two and three of the complaint. Without first conducting an evidentiary hearing, the trial court entered a default judgment for damages of $620,488.65, as set forth in an affidavit filed by Ryder Homes.
On April 12, 2002, Medcom served a motion requesting that the court set aside the clerk's default as to counts two and three of the complaint and vacate the final *596 judgment. Medcom argued that the default and default judgment were improper because Medcom had not received notice of the lawsuit. The motion was supported by affidavits from Michael Malet, the vice president of Medcom; Greg R. Davis, Esq., the company's chief counsel; and Williams. The affidavits stated that Williams had not been served with process; that Medcom's first knowledge of the suit was the receipt of the final judgment on March 11, 2002, by Malet at his office in Irvine, California; and that the company had immediately retained counsel to take appropriate steps to respond to the action. Medcom also argued that the trial court should have conducted an evidentiary hearing prior to entering the default judgment. The trial court entered an order denying the motion, and Medcom sought review in this court.
We reject Medcom's argument that the trial court erred in denying relief from the default judgment as to liability. Medcom's bare allegations that Williams had not been served with process are not sufficient as a matter of law to impeach the process server's return of service and sworn statement that she personally served Williams. See Fla. Nat'l Bank v. Halphen, 641 So.2d 495, 496 (Fla. 3d DCA 1994); Lazo v. Bill Swad Leasing Co., 548 So.2d 1194, 1195 (Fla. 4th DCA 1989). Because the return of service was unrefuted as a matter of law, an evidentiary hearing is not required. See Stewart v. Julana Dev. Corp., 678 So.2d 1385, 1389 (Fla. 3d DCA 1996).
Although the issue of liability was properly determined without an evidentiary hearing, the trial court erred in awarding damages under count two without holding a hearing because the damages were not liquidated. Florida Rule of Civil Procedure 1.440(c) requires a hearing on claims for unliquidated damages, even if a party has been defaulted. Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998); Tand v. C.F.S. Bakeries, Inc., 559 So.2d 670, 671 (Fla. 3d DCA 1990). Damages are unliquidated when their ascertainment requires the taking of testimony. Pierce, 721 So.2d at 783; Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). Damages are liquidated when they can be determined by mathematical calculation or the application of definite rules of law. Charlotte Harbor Props. Assocs., Ltd. v. Huff, 632 So.2d 229, 229 (Fla. 2d DCA 1994); Bowman, 432 So.2d at 662.
Count two of the complaint seeks damages for breach of the lease. It alleges the failure to pay the monthly rent, building expenses, and common area expenses from July 1, 2001, through September 1, 2005. It also alleges the failure to pay the monthly option payment of $1272 from January 1, 2001, through June 1, 2001. The lease, which was attached to the complaint, allows for the mathematical computation of the monthly rent, building and common area expenses, option payments, and the applicable sales tax. However, the record does not reflect whether Ryder Homes has relet the premises or, if it has not, whether it has utilized its best efforts to find a replacement tenant.
We conclude that testimony is needed to determine whether Medcom is currently entitled to a setoff based on Ryder Homes' obligation to relet the premises, and the damages are therefore unliquidated to this extent. As Ryder Homes has conceded, testimony is also necessary to determine reasonable attorney's fees. Bowman, 432 So.2d at 663. Accordingly, we reverse and remand for an evidentiary hearing as to damages on count two and attorney's fees. The trial court's order denying Medcom's motion to set aside default judgment is otherwise affirmed.
*597 Affirmed in part, reversed in part, and remanded.
NORTHCUTT and KELLY, JJ., Concur.