872 So.2d 919 (2003)
Duane D. HILL, Jr., Appellant,
v.
Edward D. MURPHY and Arlene R. Murphy, Appellees.
No. 2D03-892.
District Court of Appeal of Florida, Second District.
September 12, 2003.
*920 Tina L. Caraballo of Hayes & Associates, Orlando, for Appellant.
Brian P. Deeb and Theresa A. Deeb of Deeb & Brainard, P.A., St. Petersburg, for Appellees.
VILLANTI, Judge.
Duane Hill appeals the trial court's order denying his motion to set aside the default and the default judgment entered against him in a suit brought by Edward and Arlene Murphy. Because the Murphys did not provide Hill with notice of the hearing on their motion for default judgment, we reverse that portion of the order that refused to set aside the default judgment. However, because Hill did not properly establish a meritorious defense, we affirm that portion of the order that refused to set aside the default.
On May 28, 2002, the Murphys sued Hill, Mark S. Kiser, and Hill Design and Construction, Inc., for damages arising out of their failure to complete an addition to the Murphys' house. The complaint alleged counts against Hill for negligent supervision, civil conspiracy, and violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). Despite being served with the complaint, Hill never filed an answer. On July 5, 2002, the clerk entered a default against Hill. Because Kiser and Hill Design and Construction had filed answers, the case continued as to them.
On September 3, 2002, the trial court rendered a final default judgment against Hill for $68,303.48. Hill first learned of the default judgment when he was served with a notice of taking deposition in aid of execution on September 5, 2002. Hill then promptly moved to set aside both the default and the default judgment. Hill filed an affidavit in support of his motion, asserting that he had not been served with the complaint, that he had never received *921 notice of the entry of final judgment, that he had never signed a contract or entered into an agreement with the Murphys, and that he did not know of any basis for a suit against him. After an evidentiary hearing, the trial court denied Hill's motion in its entirety. This appeal followed.
On the issue of setting aside the default, the parties agree that Hill had the burden to establish due diligence in moving to set aside the default, excusable neglect in failing to respond to the complaint, and a meritorious defense to the allegations of the complaint. Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002). The only issue truly in dispute is whether Hill established a meritorious defense.
This court has repeatedly held that in order to establish a meritorious defense, the defendant must tender either a defensive pleading showing the defense or a sworn motion or affidavit stating the facts supporting the meritorious defense. Id. at 1064; Collins v. Collins, 519 So.2d 729, 730 (Fla. 2d DCA 1988); Abray Constr. Co. v. Star Swimming Pools, Inc., 426 So.2d 1046, 1047 (Fla. 2d DCA 1983). Counsel's bare assertion in an unsworn motion that the defendant has a meritorious defense is legally insufficient to allow the court to set aside the default. Abray Constr., 426 So.2d at 1047.
In this case, Hill filed an affidavit in support of his motion to set aside the default in which he asserted that he did not sign a contract with or enter into any agreement with the Murphys. While this assertion does constitute a factual allegation in an affidavit, it does not establish a meritorious defense. The counts against Hill allege negligent supervision, civil conspiracy, and violations of the FDUTPA. None of these counts depend on the existence of a contract between Hill and the Murphys. A factual allegation that does not meet the substance of the allegations against the affiant does not and cannot state a "meritorious" defense. Moreover, Hill's attorney's conclusory assertion that "[c]learly, Duane D. Hill, Jr. has a meritorious defense to this case" is legally insufficient. Accordingly, the trial court did not abuse its discretion in refusing to set aside the clerk's default.
As an alternative, Hill contends on appeal that the default should be set aside because the complaint fails to state a cause of action against him. However, Hill's arguments addressed to the complaint do not attack the sufficiency of the allegations but, rather, contest the merits of the claims. This is an improper basis for a motion to dismiss for failure to state a cause of action. See Consuegra v. Lloyd's Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001) (noting that a motion to dismiss for failure to state a cause of action is not a substitute for summary judgment and that in ruling on such a motion the trial court must consider only the allegations contained within the four corners of the complaint). Therefore, the trial court did not abuse its discretion in refusing to set aside the default.
The trial court's order refusing to set aside the default judgment is another matter. As to the default judgment, Hill argued that he was entitled to notice of the hearing on the motion for entry of a final default judgment even though he had been defaulted because the damages the Murphys sought were unliquidated. Hill asserted that the Murphys did not provide him with the required notice and that this lack of notice required that the default judgment be set aside. We agree.
This court recently addressed the identical issue concerning a default judgment involving unliquidated damages:
Although the issue of liability was properly determined without an evidentiary hearing, the trial court erred in *922 awarding damages ... without holding a hearing because the damages were not liquidated. Florida Rule of Civil Procedure 1.440(c) requires a hearing on claims for unliquidated damages, even if a party has been defaulted. Pierce v. Anglin, 721 So.2d 781, 783 (Fla. 1st DCA 1998); Tand v. C.F.S. Bakeries, Inc., 559 So.2d 670, 671 (Fla. 3d DCA 1990). Damages are unliquidated when their ascertainment requires the taking of testimony. Pierce, 721 So.2d at 783; Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). Damages are liquidated when they can be determined by mathematical calculation or the application of definite rules of law. Charlotte Harbor Props. Assocs., Ltd. v. Huff, 632 So.2d 229, 229 (Fla. 2d DCA 1994); Bowman, 432 So.2d at 662.
Medcom USA, Inc. v. Ryder Homes & Groves Co., 847 So.2d 594, 596 (Fla. 2d DCA 2003); see also Fiera.com, Inc. v. DigiCast New Media Group, Inc., 837 So.2d 451, 452 (Fla. 3d DCA 2002).
Here, as in Medcom, the damages were unliquidated. The Murphys' complaint alleged only that their damages exceeded $15,000. Nothing in the record shows that the Murphys' damages could be determined by either mathematical calculation or the application of a specific rule of law. Because the Murphys' damages were unliquidated, Hill was entitled to an evidentiary hearing on the amount of damages even though he had been defaulted. Further, under rule 1.440(c), he was entitled to notice of that hearing. While the Murphys asserted at the hearing that they had sent a notice of hearing to Hill, the trial court reviewed the record and noted that the only notice was mailed after the default judgment against Hill had already been entered. Accordingly, it is apparent that Hill had no notice of the hearing. Because Hill was entitled to notice of the hearing at which he could challenge the amount of damages to be imposed, the trial court abused its discretion in refusing to set aside the default judgment.
The Murphys argue that Hill cannot raise the notice issue on appeal because he did not allege this as a basis for setting aside the default judgment in his motion. This ignores the fact that Hill raised and argued this issue at the hearing on his motion to set aside the default judgment. The Murphys did not object to the argument at the hearing and did not request a continuance to provide the proof of notice that they now allege exists. Because the Murphys did not object when Hill raised this issue at the hearing, they cannot now object on appeal. Parlier v. Eagle-Picher Indus., Inc., 622 So.2d 479, 481 (Fla. 5th DCA 1993) (noting that the general rule of appellate review that issues not raised in the trial court will not be considered on appeal applies to procedural irregularities as well as substantive issues). Accordingly, we reverse the default judgment and remand for further proceedings.
Affirmed in part; reversed in part; and remanded for further proceedings.
SALCINES and WALLACE, JJ., Concur.