PER CURIAM.
Xpress Title, Inc. appeals from the trial court’s order denying its motion to vacate a default final judgment in favor of Jason M. Wandner, P.A. We reverse.
Wandner sued Xpress Title and Nicelo and Elizabeth Mendez for failure to satisfy a judgment lien. In a separate suit Wand-ner had obtained a final judgment in the amount of $21,260.84 against Marlene Ramirez, a non-party to the instant suit, which was properly recorded so that it became a lien on Ramirez’ home. Ramirez then sold her home to Nicelo and Elizabeth Mendez and Xpress Title was the closing agent. Prior to the sale, Xpress Title requested a payoff letter from Wand-ner detailing the definite amounts due under the judgment, which Wandner provided. The closing occurred, but Wandner’s judgment was not satisfied. Subsequently, Wandner filed an amended complaint against Xpress Title alleging fraudulent misrepresentation and violations of sections 501.204 and 772.104, Florida Statutes (2004), and against the Mendezes to foreclose upon the property. The trial court entered a default judgment against Xpress Title for failure to file a responsive pleading, and later, entered a final judgment against Xpress Title for the full amount of the judgment lien.
Xpress Title sought to set aside the final judgment alleging that it was fundamental error to enter final judgment without notice to Xpress Title, and that the damages had to be proven at trial where the complaint sought unliquidated damages. After a hearing, the court entered an order denying Xpress Title’s motion, finding that the damages set forth in the complaint were indeed fixed and definite and, therefore, liquidated. Damages are liquidated when they can be determined by mathematical calculation or the application of definite rules of law. See Hill v. Murphy, 872 So.2d 919 (Fla. 2d DCA 2003); see also Fiera.com, Inc. v. DigiCast New Media Group, Inc., 837 So.2d 451 (Fla. 3d DCA 2002); Dunkley Stucco, Inc. v. Progressive Am. Ins. Co., 751 So.2d 723 (Fla. 5th DCA 2000).
However, the title company points out that since it was acting as escrow agent, the plaintiff suffered injury only if there was enough money in escrow for him to have his judgment paid in whole or in part after senior claims were satisfied. As payoff of the purchase money mortgage on the property has priority over other liens, the purchase money mortgage would have to be paid off first. Only if there is money left over would Wandner be paid. If no money was left over, Wandner never would have received anything from the escrow and therefore suffered no damages. Because the escrow agent’s liability cannot exceed the amount left over in the escrow, the damages are unliquidated.
Accordingly we reverse the order appealed and remand the cause to the trial court for a trial on damages.
Reversed and remanded.