PER CURIAM.
Maruchi Rodriguez-Faro (“the homeowner”) appeals from an order denying her motion to vacate a final summary judgment entered in favor of M. Escarda Contractor, Inc. (“the contractor”). We reverse.
The homeowner’s husband signed an agreement for the contractor to renovate and remodel the couple’s condominium. The contractor began the work, and the homeowners made certain payments. Later a dispute arose and the homeowners refused to make further payments. In response, the contractor filed a mechanic’s lien against the condominium.
Thereafter, the contractor sued the homeowners to foreclose on the mechanic’s lien, and for breach of contract and unjust enrichment. When the homeowner and her husband failed to answer the contractor’s amended complaint, the contractor moved for summary judgment, attaching an affidavit stating the amount due under the contract. At the summary judgment hearing, the homeowner’s husband informed the trial court that he had filed for bankruptcy. Consequently, the trial court denied, without prejudice, the motion for summary judgment against him and the claim to foreclose the mechanic’s lien. Conversely, the trial court granted summary judgment on the contractor’s claim of unjust enrichment against the homeowner, directing execution against the homeowner for' the full unpaid contractual amount.
Almost two years later, when the homeowner failed to appear for a deposition in aid of execution, the contractor moved for sanctions. The homeowner filed a motion to vacate the summary judgment under Florida Rule of Civil Procedure 1.540. The trial court denied the motion as untimely. This appeal followed.
On appeal, the homeowner asserts, inter alia, that the trial court abused its discretion in denying her motion because she was not given an opportunity to be heard on the damages. On the other hand, the contractor contends that the trial court properly denied the motion as untimely. We agree with the homeowner.
A trial court’s denial of a motion for relief from judgment is reviewed for abuse of discretion. See State Dep’t of Transp. v. Bailey, 603 So.2d 1384, 1386 (Fla. 1st DCA 1992). In Florida, it is well settled that a defaulting party is entitled to notice and an opportunity to be heard when the amount of damages is unliquidat-ed. See Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007). Further, a judgment entered without such notice and opportunity to be heard is void. 957 So.2d at 666. And, a void judgment can be collaterally attacked at any time. See, e.g., Wolfe v. Stevens, 965 So.2d 1257 (Fla. 2d DCA 2007).
*1099 Damages are unliquidated if they require testimony to ascertain a value. Cellular Warehouse, 957 So.2d at 665. Moreover, where the claim is for unjust enrichment, damages may be considered unliquidated despite an existing contract. See Fiera.com, Inc. v. DigiCast New Media Grp., Inc., 837 So.2d 451 (Fla. 3d DCA 2002).
Here, the only proof of damages the contractor submitted was his affidavit stating the amount which remained unpaid under the contract. Both parties agree that the contracted work was not completed. Therefore, because further evidence was required to ascertain the value of the work performed, the damages were unliq-uidated. Consequently, the trial court abused its discretion in determining the amount of damages without further evidence.
Accordingly, we reverse the denial of the motion to vacate the summary judgment, and remand for further proceedings.
Reversed and remanded.