NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT MAGGIANO, D.O., P.A.;　)
LINDY MAGGIANO; and ROBERT　)
MAGGIANO,　)
　)
　)
Appellants,　)
　)
v.　)　Case No. 2D14-2612
　)
　)
WHISKEY CREEK PROFESSIONAL　)
CENTER, LLC,　)
　)
Appellee.　)
　　　　　　　　　　　　　　　　　　　　　)

Opinion filed April 1, 2015.

Appeal from the Circuit Court for Lee
County; Alane C. Laboda, Judge.

Alexander Brockmeyer, P. Brandon
Perkins, and Brett C. Powell of The Powell
Law Firm, P.A., Fort Myers, for Appellants.

James Thomas Smoot, III, of J. Tom
Smoot, III, P.A., Fort Myers, for Appellee.


ALTENBERND, Judge.

Dr. and Mrs. Maggiano, as well as Robert Maggiano, D.O., P.A., appeal a

judgment in favor of Whiskey Creek Professional Center, LLC. The judgment was

entered after a clerk's default. The trial court based its monetary award on the amount

alleged in the complaint. We conclude that the damages were not liquidated by the complaint. Accordingly, we reverse and remand for a new determination of damages.

Robert Maggiano, D.O., P.A. (the tenant) entered into a five-year lease of professional space in April 2009. The lease payments were personally guaranteed by Dr. Maggiano and his wife. The lease required the upfront payment of the first and last months' rent, which totaled approximately $4300. A security deposit was due in two installments of $1012 on the eleventh day of the fifth and sixth months. The amount of the rent increased annually from $2024.16 per month in 2009 to $2278.63 per month in 2014. The lease was assigned to Whiskey Creek Professional Center, LLC, during the term of the lease.

In January 2014, Whiskey Creek filed a complaint against the tenant and Dr. and Mrs. Maggiano. The three-count complaint sought to evict the tenant, collect unpaid rent from the tenant, and obtain a judgment on the guaranty from Dr. and Mrs. Maggiano. The complaint does not allege when the tenant stopped paying rent. It alleges only that the tenant had a written lease agreement to pay $2278.63 a month, "sporadically made partial rent payments," and had "failed to pay rent due in the total amount of $22,788.61."

There is no dispute that the tenant, Dr. Maggiano, and Mrs. Maggiano did not respond to the suit after service. A clerk's default was entered as to all three defendants in late January. An attorney appeared of record for them shortly thereafter. He filed an answer for all three defendants. Whiskey Creek then filed a motion for default judgment, seeking a judgment for liquidated damages in the amount of $22,788.61. The next day, the defendants filed a motion to set aside the clerk's default.

Whiskey Creek countered with a motion for summary judgment and an affidavit that stated that the rent due was $24,738.04. The affidavit did not contain any accounting to explain how this new amount was determined. Dr. Maggiano filed an affidavit in opposition to the summary judgment, claiming that all rent due to Whiskey Creek had been paid.

The record contains minutes of a hearing on April 28, 2014, but no transcript of the hearing itself. Those minutes reflect that the trial court denied the motion to set aside default and granted a summary judgment in the amount alleged in the complaint, i.e., $22,788.61, plus $592.90 accrued interest. It then entered a final summary judgment in favor of Whiskey Creek for the total amount of $23,381.51. The written judgment contains a handwritten explanation by the trial court stating: "The court concludes as a matter of law that the damages as alleged in the complaint were liquidated by default being entered. Therefore the default established this amount was due and owing."

The only issue raised in this appeal is whether the trial court appropriately relied on the amount alleged in the complaint to establish the amount of the judgment. As an initial matter, we conclude that the judgment is not actually a summary judgment. Despite its title, it is obvious from the handwritten addition that the judgment is a default judgment. The competing affidavits as to the amount due for unpaid rent would have prevented the entry of a summary judgment. See, e.g., Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000).

A default judgment can be entered on liquidated damages without further proof of damages. See Paramo v. Floyd, 154 So. 3d 477, 478 (Fla. 2d DCA 2015). But

a hearing is required on claims for unliquidated damages even where a party has been defaulted. Medcom USA, Inc. v. Ryder Homes & Groves Co., 847 So. 2d 594, 596 (Fla. 2d DCA 2003). Whether the damages are liquidated by the complaint is a question of law. Talbot v. Rosenbaum, 142 So. 3d 965, 967 (Fla. 4th DCA 2014).

This case is similar to Charlotte Harbor Properties Associates, Ltd. v. Huff, 632 So. 2d 229 (Fla. 2d DCA 1994), in which the complaint alleged a monetary amount of damages without explaining how that amount was determined. This court held that the amount was not liquidated because the amount was "not based upon an arithmetically certain calculation or the application of definite rules of law." Id. at 229; see also Medcom USA, 847 So. 2d at 596.

Our decision in Charlotte Harbor was based on Bowman v. Kingsland Development, Inc., 432 So. 2d 660 (Fla. 5th DCA 1983). In Bowman, Judge Cowart, writing for the majority, explained:

> Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. Since every negotiable instrument must be "an unconditional promise or order to pay a sum certain in money," actions for the sums directly due on negotiable instruments are, by definition, actions for liquidated damages. However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.

Id. at 662-63 (internal citations omitted).

In this case, the complaint alleges a specific amount of unpaid rent. But the complaint admits that rent payments had been sporadic and it attaches the lease. From the lease, it is clear that the accounting to determine the damages in this case is

somewhat involved.  We cannot tell whether the amount alleged in the complaint accounted for the deposit, whether the amount stopped with rent in December 2013 or continued to the end of the lease, or how the amount alleged dealt with the sporadic nature of payment.  In other words, testimony is required to establish facts on which to base the exact amount of damages.  Accordingly, we conclude that the conclusory allegation of monetary damages in this case does not render the damages liquidated, and we reverse and remand for a new determination of damages.

Reversed and remanded.

LaROSE and MORRIS, JJ., Concur.