BERGER, J.
Ines Ciprian and Eduardo Ciprian-Es-capa (Appellants) appeal the trial court’s order denying their motion to vacate, set aside, and dismiss the final judgment entered against them and in favor of the City of Orlando (City). See Fla. R. Civ. P. 1.540(b). Appellants raise two issues on appeal, only one of which merits discussion. Appellants maintain that because the damages alleged in the complaint were unliquidated, an evidentiary hearing, noticed pursuant to Florida Rule of Civil Procedure 1.440, was required to establish the amount of damages owed to the City. They argue the trial court’s failure to conduct a hearing prior to fixing the amount of damages attached to the final judgment constitutes fundamental error[1] and renders the judgment void.[2] We agree with Appellants inasmuch as their arguments relate to unliquidated damages.
The underlying action involves a subro-gation claim filed by the City against Appellants for workers’ compensation benefits the City paid to two police officers, Robert Everett and Leslie DeFerrari, after both were injured in an automobile accident caused by Eduardo Ciprian-Esea-pa.[3] In its complaint, the City sought $38,385.58 in damages for Officer DeFer-rari and $769.25 for Officer Everett. The City also sought to recover $4,000 for property damage to the police vehicle.
After a default judgment[4] was entered against Appellants, the City filed a motion for final judgment together with an affidavit establishing damages. The motion requested that the trial court fix damages at $80,336.09. The verified affidavit, which was signed by a workers’ compensation claims specialist for the City, stated the claims arose from an “industrial accident” and calculated the damages attributable to the workers’ compensation claims at $78,226.52 for DeFerrari and $2,109.57 for Everett. The affidavit also reflected $4,000 in property damage to the police vehicle, but for reasons unknown, that figure was not initially included in the total amount of damages.
On June 24, 2013, the City filed a “notice of ex parte hearing” to determine the issue of damages and served notice upon Appellants at their only known address. Less than 30 days later, on July 18, 2013, the trial court entered a final judgment in favor of the City in the amount of $80,336.09, representing the workers’ compensation benefits paid to the two officers. On October 4, 2013, the City filed a motion to amend the final judgment to add the $4,000 property damage claim for the motor vehicle, increasing the total judgment to $84,336.09. Ten days later, the trial court rendered an amended final judgment.
Appellants claim they learned of the final judgment on March 27, 2014, when the Department of Motor Vehicles sent them a notice suspending their drivers’ licenses. Two months later, on May 29, 2014, Appellants filed a pro se motion to vacate the *488 final judgment, supported by verified affidavits, pursuant to Florida Rule of Civil Procedure 1.540(b). The motion asserted that the judgment should be vacated because the trial court lacked personal jurisdiction over Appellants, lacked subject matter jurisdiction, the complaint failed to state a claim, and the City had committed fraud upon the court. After a hearing, the motion was denied and this timely appeal followed.
Appellants argue, for the first time, that the trial court committed fundamental error by conducting an ex parte hearing to determine the amount of damages owed to the City.[5] Appellants maintain the damages were unliquidated, and therefore, they were entitled to an evidentiary hearing, noticed in accordance with Florida Rule of Civil Procedure 1.440, to establish the amount.
Rule 1.440(c) requires that “[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080.” Rule 1.440(c) also requires that a defaulting party be given 30-days’ notice of the trial on unliq-uidated damages and mandates that the notice of trial be sent by the court, not opposing counsel. Appellants contend correctly that the motion for final judgment and the notice of ex parte hearing did not meet these requirements.[6]
“Strict compliance with Florida Rule of Civil Procedure 1.440 is required and failure to do so is reversible error.” Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133, 1134 (Fla. 5th DCA 1987) (citing Ramos v. Menks, 509 So.2d 1123 (Fla. 1st DCA 1986)); accord Bennett v. Cont’l Chemicals, Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986). Indeed, it is fundamental error to set unliquidated damages without the notice, proof, and hearing required by rule 1.440(c). See Talbot v. Rosenbaum, 142 So.3d 965, 967 (Fla. 4th DCA 2014) (citing Cellular Warehouse, Inc. v. GH Cellular, 957 So.2d 662, 666 (Fla. 3d DCA 2007)); see also Sec. Bank, N.A. v. BellSouth Advert. & Publ’g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996). A “defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.” Minkoff v. Caterpillar Fin. Servs. Corp., 103 So.3d 1049, 1051 (Fla. 4th DCA 2013) (quoting Asian Imports, Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994)). This is so even when the answer is stricken and a default is entered as a sanction. DYC Fishing, Ltd. v. Martinez, 994 So.2d 461, 462-63 (Fla. 3d DCA 2008). A judgment entered without notice and an opportunity to be heard is void and may be collaterally attacked at any time. Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So.3d 1097, 1098 (Fla. 3d DCA 2011) (citing Cellular Warehouse, 957 So.2d at 666).
It is well settled that “[a] default admits a plaintiffs entitlement to liquidated damages under a well-pled cause of action, but not to unliquidated damages.” Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006) (citing Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983)). A judgment rendered without a trial on unliquidated damages and without notice to the defaulting party is void as to any unliquidated damages, but *489 remains valid as to any liquidated damages. BOYI, LLC v. Premiere Am. Bank, N.A., 127 So.3d 850, 851 (Fla. 4th DCA 2013); Cellular Warehouse, 957 So.2d at 666 (citing Bowman, 432 So.2d at 663).[7]
As this court explained in Bowman:
Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. Since every negotiable instrument must be “an unconditional promise or order to pay a sum certain in money,” actions for the sums directly due on negotiable instruments are, by definition, actions for liquidated damages. However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.
432 So.2d at 662-63 (internal citations omitted). Specific damages that are alleged in the complaint are admitted by default and become liquidated damages. See, e.g., Krueger v. Ponton, 6 So.3d 1258, 1262 (Fla. 5th DCA 2009) (determining that a complaint seeking $10,000, the amount of a dishonored check, and treble damages stated liquidated damages); Dunkley Stucco, Inc. v. Progressive Am. Ins. Co., 751 So.2d 723, 724 (Fla. 5th DCA 2000) (ascertaining that an allegation in the complaint, alleging the plaintiff subro-gee was injured by paying $44,982.72 to its insured, constituted liquidated damages); Mathews Corp. v. Green’s Pool Serv., 584 So.2d 1006, 1007 (Fla. 3d DCA 1990) (finding a mechanics lien of $39,526.00 referenced in the complaint was sufficiently definite to constitute' liquidated damages). But see Rich v. Spivey, 922 So.2d 326, 328 (Fla. 1st DCA 2006) (noting that damages alleged in the complaint were not well-pleaded and thus not admitted by the default); Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989) (quoting H. Trawick, Trawick’s Florida Practice and Procedure § 25-4 at 348 (1988 ed.), which stated that a default does not operate as an admission of damages pled in the complaint).
However, the damages. pled in the complaint must be definite and final to be liquidated in this manner. See Hill v. Murphy, 872 So.2d 919, 922 (Fla. 2d DCA 2003) (holding that a complaint alleging damages in excess of $15,000 was not sufficiently definite to establish liquidated damages); Fiera.com, Inc. v. DigiCast New Media Grp., Inc., 837 So.2d 451, 452 (Fla. 3d DCA 2002) (finding that a specific pleading of damages in the complaint having “at a minimum” a “reasonable value of $111,774.00” did not constitute liquidated damages as the damages were not “finally determined”). Damages exceeding the amount pled in the complaint, which could not be mathematically calculated from anything attached to the complaint or any rule of law, áre unliquidated. Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 818 (Fla. 1st DCA 1989).
We now turn to the City’s complaint. Paragraph 1, of Count 1, claims “damages equal to $38,385.58 exclusive of *490 interest, attorney’s fees, and costs, over which this Court has jurisdiction.” In paragraph 7, the damages were described as “workers’ compensation benefits on behalf of Leslie DeFerrari, totaling the sum of $88,385.58 to date, which represents compensation for indemnity and medical benefits under the Plaintiffs self-insured workers’ compensation program.” Paragraph 8 summarizes the damages claimed as, “$38,385.58, plus interest and the costs of this action.” Although the claim mentions a definite number, $38,385.58, it is not a final number as the damages are described as “$38,385.58 to date” and hence subject to future upward revision. Cf. Hill, 872 So.2d at 922; Fiera.com, 837 So.2d at 452.
Indeed, the City’s affidavit of proof attached to its motion for final judgment supports such upward revision, as the affidavit totaling $78,226.52 in damages as to DeFerrari is nearly double what was alleged in the complaint. The affidavit of proof, however, cannot serve to liquidate the damages. See Rodriguez-Faro, 69 So.3d at 1099; Pierce, 721 So.2d at 781; Farm Family Mut. Ins. Co. v. Thorn Lumber Co., 202 W.Va. 69, 501 S.E.2d 786, 791-92 (1998) (finding an affidavit of proof simply stating a sum certain or a legal conclusion does not establish liquidated damages); L.B.T. Corp. v. Camacho, 429 So.2d 88, 90-91 (Fla. 5th DCA 1984) (citing Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980) (holding that damages itemized in an affidavit of proof were unliquidated)). The damages for attorney’s fees and costs are also unliquidated. See Dunkley Stucco, 751 So.2d at 724.
The analysis of the damages claimed in Count 2 of the complaint relating to workers’ compensation benefits paid to Robert Everett by the City is similar. Paragraph 9 specifies the damages as “equal to $769.25, exclusive of interests, attorney’s fees, and costs, over which this Court has jurisdiction.” In paragraph 15, the damages are described as “workers’ compensation benefits on behalf of Robert Everett, totaling the sum of $729.25 to date, which represents medical benefits under Plaintiffs self-insured workers’ compensation program.” Paragraph 16 summarizes the damages in Count 2 as “$769.25, plus interest and the costs of this action.” The damages alleged in Count 2 are inconsistent inasmuch as $769.25 is claimed in paragraphs 9 and 16, but $729.25 is claimed in paragraph 15. Further, as with Count 1, the damages alleged in Count 2 are not final as they are described as “$729.25 to date” implying that the damages would increase. And, apparently they did, as the City’s affidavit of proof, filed after the default with the motion for final judgment, increased the damages claimed for Count 2 to $2,109.57.
Because the damages alleged in the complaint for the subrogated claims to recover workers’ compensation benefits paid to its two police officers are unliquidated, Appellants were entitled to an evidentiary hearing, with notice and opportunity to be heard, before the trial court entered the final judgment establishing the amount of damages owed to the City.[8] See Maggiano, 160 So.3d at 536. Accordingly, we reverse the order of the trial court denying Appellants’ motion, vacate that portion of the final judgment awarding unliquidated damages to the City, and remand for further proceedings consistent with this opinion.[9] In all other respects, we affirm.
*491 AFFIRMED in part, REVERSED in part, and REMANDED.
PALMER and TORPY, JJ., concur.

. Appellants acknowledge they did not raise this issue before the trial court. They argue this Court has jurisdiction based on the fundamental error doctrine.

. Appellants also argue that the judgment is void because the complaint was too vague to invoke the trial court’s subject matter jurisdiction. We find no merit in Appellants’ additional argument.

. The accident occurred when Eduardo drove his mother's vehicle over a curb, lost control of it, and collided with a parked police car occupied by Officers DeFerrari and Everett.

. Appellants’ answer and affirmative defenses were stricken and a default was entered against them as a sanction for failing to obey an order compelling them to file answers to interrogatories propounded by the City.

. The City does not specifically address Appellants’ fundamental error argument. Rather, it implicitly argues the issue was not preserved.

. The City failed to respond to this argument.

. The City argues, and the trial court found, that the rule 1.540 motion was untimely. However, a motion for relief from a void judgment may be brought at any time under rule 1.540. See ML Builders, Inc. v. Réserve Developers, LLP, 769 So.2d 1079, 1082 (Fla. 4th DCA 2000) (quoting Whigham v. Whigham, 464 So.2d 674, 676 (Fla. 5th DCA 1985)); see also Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006).

. Unlike the subrogated claims for workers’ compensation benefits, the $4,000 claim in the complaint for property damage to the police car is definite and final such that the property claim is liquidated. See Hill, 872 So.2d at 922.

. The final judgment is valid as to any liquidated damages. See Cellular Warehouse, 957 So.2d at 666.