DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADRIAN S. WILLIAMS,**
Appellant,

v.

**SKYLINK JETS, INC.,**
Appellee.

No. 4D16-4170

[November 15, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE15-013943.

Robin F. Hazel and Jesmany Jomarron of Jomarron Lopez, Miami, for appellant.

Bruce D. Green of Bruce D. Green, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellant Adrian S. Williams appeals an order denying his motion to vacate a default final judgment brought under Florida Rule of Civil Procedure 1.540. In addition to challenging the trial court's finding of default, Appellant also argues that the specific damages requested by Appellee Skylink Jets, Inc. and awarded by the trial court were unliquidated and, thus, notice and the opportunity to be heard prior to entry of default final judgment was required.

As discussed below, we summarily affirm the trial court's decision to deny Appellant's motion to vacate the default final judgment entered against him. Further, we hold that Appellee provided a precise damages figure and, although Appellee failed to attach proof of the specific expenses incurred to arrive at the damages requested, Appellant "admitted" that this figure was accurate, converting unliquidated damages into liquidated damages. Finally, we hold the attorney's fees and costs are unliquidated and must be determined by the trial court after notice and hearing.

**Background**

Appellant, an aircraft pilot, was hired by Appellee on October 2, 2014. As part of his engagement with Appellee, Appellant executed a Pilot Training Expense Agreement ("Agreement"). The Agreement required Appellant to reimburse Appellee for all expenses incurred in pilot training if Appellant terminated his employment without cause or was terminated for cause within twenty-four months of his hiring. The Agreement provided a specific explanation of what constituted "training expenses."

On July 3, 2015, Appellant's employment was terminated. Subsequently, Appellee notified Appellant of the $15,176.52 incurred for Appellant's training expenses and demanded repayment pursuant to the Agreement. Due to Appellant's failure to repay the training expenses (or offer any response to Appellee's demand letter), Appellee filed a complaint for breach of contract and unjust enrichment. Appellee listed damages of $15,176.52 in the complaint. Shortly thereafter, Appellant was served with a summons, complaint, interrogatories, and request for admissions. Appellant failed to respond to any of the discovery requests.

Due to Appellant's failure to respond to the complaint, a default was entered against him on January 7, 2016. Appellee next filed a motion for default final judgment. Appellee requested damages of $15,176.52, court costs of $547.23, interest of $1,042.29, and attorney's fees of $2,565.00. A hearing was scheduled on Appellee's motion, and Appellant, again, failed to appear. A default final judgment was entered, and Appellee was awarded its requested damages. Appellant finally responded, filing a motion to vacate the default final judgment. At the hearing on his motion, the trial court found the damages to be liquidated and as such, notice was not required. Further, the trial court found that the default was properly served on Appellant.

On appeal, Appellant argues the trial court committed fundamental error by denying his motion to vacate the default final judgment where the judgment grants unliquidated damages and Appellant was not given notice before entry of the default. He asserts that the mailing addresses on the certificates of service for the motion for default final judgment and the notice of hearing on the motion were incorrect. Appellant also argues that, although the trial court did not address the clerk's default, it should also be vacated, or the case should be remanded with instructions for the trial court to consider his arguments for vacating the clerk's default.

In response, Appellee argues the trial court correctly denied Appellant's motion because the damages were liquidated; thus, Appellant was not entitled to notice. Nevertheless, Appellee argues that notice was given. In

addition, Appellee contends that Appellant failed to demonstrate excusable neglect, meritorious defenses, and diligence.

## Analysis

This Court reviews an order denying a motion to vacate a default judgment for abuse of discretion. *Mullne v. Sea-Tech Const., Inc.*, 84 So. 3d 1247, 1248 (Fla. 4th DCA 2012). However, "[w]hether damages alleged are liquidated or unliquidated is a question of law subject to de novo review." *Talbot v. Rosenbaum*, 142 So. 3d 965, 967 (Fla. 4th DCA 2014).

In order to vacate a default final judgment, a party must demonstrate:

> (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.

*Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013) (quoting *Wells Fargo Bank, N.A. v. Jidy*, 44 So. 3d 162, 164 (Fla. 3d DCA 2010)). On appeal, Appellant did not argue the necessary requirements to vacate a default final judgment, but rather solely relies on his argument that the trial court improperly awarded unliquidated damages in the final judgment. This Court will not make arguments for an appellant. *See Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived."); *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) ("It is the duty of counsel to prepare appellate briefs so as to acquaint the Court with the material facts, the points of law involved, and the legal arguments supporting the positions of the respective parties. . . . [I]t is not the function of the Court to rebrief an appeal."). As such, we affirm the trial court's decision to deny Appellant's motion to vacate the default final judgment entered against him, without further discussion on the issue of Appellant's liability for damages.

Pursuant to Florida Rule of Civil Procedure 1.440(c), "[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080." Rule 1.440(c) requires strict compliance. *Ciprian-Escapa v. City of Orlando*, 172 So. 3d 485, 488 (Fla. 5th DCA 2015). "Indeed, it is fundamental error to set unliquidated damages without the notice, proof, and hearing required by rule 1.440(c)." *Id.*

3

Appellee argues that the notice requirement set by Rule 1.440(c) is not applicable because the damages at issue are liquidated. Appellant disagrees. "Liquidated damages are those damages that are determinable with exactness from the cause of action as pleaded, by an arithmetical calculation or by application of definite rules of law." *Boulos v. Yung Sheng Xiamen Yong Chem. Indus. Co.*, 855 So. 2d 665, 667 (Fla. 4th DCA 2003). "[L]liquidated damages may exist in a contractual setting 'when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other.'" *Bodygear Activewear, Inc. v. Counter Intelligence Servs.*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (quoting *Hartford Fire Ins. Co. v. Controltec, Inc.*, 561 So. 2d 1334, 1335 (Fla. 5th DCA 1990)). On the other hand, "damages are not liquidated if a court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment.'" *Id.* (quoting *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 663 (Fla. 5th DCA 1983)).

As noted above, Appellee failed to attach proof (such as receipts) of the specific expenses incurred. Normally, this would be fatal to Appellee's argument that the damages were liquidated. *See Maggiano, D.O., P.A. v. Whiskey Creek Prof'l Ctr., LLC*, 160 So. 3d 535, 537 (Fla. 2d DCA 2015) (although the complaint alleged a specific amount of unpaid rent, "the accounting to determine the damages in this case is somewhat involved," and thus, testimony was required to establish the exact amount of damages due to the "conclusory" nature of the plaintiff's pleading). However, Appellant failed to respond to Appellee's request for admissions, one of which was that "Appellee had incurred the sum of $15,176.52 in training expenses for Appellant." Pursuant to Florida Rule of Civil Procedure 1.370(a), "[t]he matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow . . . ." Paragraph (b) of this Rule states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b). The exceptions set forth in the Rule are not applicable here, as there is no indication that Appellant ever moved to rectify his non-response to the request for admissions and Appellant's appellate brief fails to address his "technical admission."

Due to the aforenoted "technical admission" to damages in the amount of $15,176.52, we can conclude that Appellee set forth an amount of damages that "can be determined with exactness from the cause of action as pleaded." What might otherwise have been unliquidated damages due

to the lack of documentation to support "an arithmetical calculation" is converted to liquidated damages by virtue of Appellant's "admission."[1]

In addition to the $15,176.52 damages, the trial court also awarded attorney's fees and costs. These damages in a contract dispute are generally unliquidated. *See Ciprian-Escapa*, 172 So. 3d at 490; *West v. West*, 534 So. 2d 893, 895 (Fla. 5th DCA 1988). Thus, the trial court erred in awarding attorney's fees and costs without conducting a trial for which Appellant was properly noticed.

## Conclusion

"A judgment rendered without a trial on unliquidated damages and without notice to the defaulting party is void as to any unliquidated damages, but remains valid as to any liquidated damages." *Ciprian-Escapa*, 172 So. 3d at 488-89. In the instant case, due to Appellant's "technical admission" as to the amount of damages, the trial court's award of $15,176.52 constitutes an award of liquidated damages, which is affirmable notwithstanding any argument on the part of Appellant that he did not receive notice of the hearing at which the default final judgment was entered. Accordingly, as to liability (judgment in favor of Appellee due to the default judgment) and the damages, the trial court properly denied Appellant's motion to set aside the default judgment.

As discussed above, the amount of attorney's fees and costs is unliquidated. We thus hold that the trial court erred in awarding these fees and costs without conducting a trial for which Appellant was properly noticed pursuant to Rule 1.440(c). This matter must be addressed by the trial court on remand.

*Affirmed in part and Reversed and Remanded in part.*

TAYLOR and CONNER, JJ., concur.

---

[1] Due to the admission, we need not address whether the amount of damages would otherwise be ascertainable by arithmetical calculation or by application of definite rules of law, rendering testimony necessary. We note, however, that calculation of the amount of "Pilot's Training Expenses" in conjunction with an Agreement which provides a definition of "Training Expenses," is distinguishable from a case where the damages require testimony as to the value, such as "damages for personal injury, disability, discomfort, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of wages and earning capacity," as well as "recovery for property damage to the Insured's vehicle." *Kotlyar v. Metro. Cas. Ins. Co.*, 192 So. 3d 562, 565-66 (Fla. 4th DCA 2016) (concluding the damages were unliquidated).

* * *

*Not final until disposition of timely filed motion for rehearing.*