DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellant,

v.

**JD RESTORATION, INC.** a/a/o **MARTA BURGOS,**
Appellee.

No. 4D21-413

[December 1, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McCarthy, Judge; L.T. Case Nos. COCE18-025598 and CACE20-015752.

Michelle Diverio and Alejandro Sanchez Parraga of Lydecker | Diaz, LLC, Miami, for appellant.

Mathew Carter of the Law Offices of Mathew Carter, P.A., Miami, for appellee.

PER CURIAM.

In this appeal concerning a property insurance dispute, Citizens Property Insurance Corporation ("Citizens") appeals two orders: (1) the order granting summary judgment in favor of JD Restoration Inc. as the homeowner's assignee ("the Assignee"); and (2) an order awarding the Assignee damages. We affirm without discussion the order granting summary judgment. However, we agree with Citizens that the trial court erred by awarding damages without a proper hearing. Thus, we reverse and remand for further proceedings.

Citizens issued a property insurance policy to the homeowner. After the Assignee provided emergency water mitigation services to the homeowner, the homeowner assigned her rights under the policy to the Assignee. After Citizens refused to pay the Assignee for its services, the Assignee filed suit for declaratory relief and breach of contract. The trial court eventually entered summary judgment in the Assignee's favor on the issue of Citizens' liability for payment to the Assignee.

After the grant of summary judgment in its favor, the Assignee moved for damages requesting an order awarding a specific amount for damages. Attached to the motion was an affidavit by the Assignee's representative stating that the Assignee was owed a specific amount for the services rendered to the homeowner, as indicated in an invoice also attached to the motion. Two days later, the trial court entered an order awarding the Assignee damages for the stated amount.

Citizens asserts that the trial court violated due process in awarding damages. "Notice and an opportunity to be heard are the hallmarks of due process." *Dep't of Children & Families v. T.S.*, 154 So. 3d 1223, 1226 (Fla. 4th DCA 2015). Citizens argues that the trial court erred by awarding damages without a hearing. The Assignee responds that no hearing was necessary because damages in this case were liquidated.

We have explained that "[a] judgment rendered without a trial on unliquidated damages and without notice to the defaulting party is void as to any unliquidated damages, but remains valid as to any liquidated damages." *Williams v. Skylink Jets, Inc.*, 229 So. 3d 1275, 1279 (Fla. 4th DCA 2017) (quoting *Ciprian-Escapa v. City of Orlando*, 172 So. 3d 485, 488-89 (Fla. 5th DCA 2015)). However, that is the rule where a *default judgment* is entered, not summary judgment, as occurred here. "[A]ny claim for damages, liquidated or unliquidated, or for attorneys [sic] fees and costs can be decided by summary judgment." *Sloan v. Freedom Sav. & Loan Ass'n*, 525 So. 2d 1000, 1001 (Fla. 5th DCA 1988). However, a hearing may be required where there are genuine issues of material fact as to the amount of damages. *See R. Plants, Inc. v. Dome Enters., Inc.*, 221 So. 3d 752, 754 (Fla. 3d DCA 2017). Therefore, we do not need to determine whether damages were liquidated or unliquidated, but instead, whether there are genuine issues of material fact as to damages.

Citizens' second argument, that the trial court erred by awarding damages exceeding the policy limits, demonstrates genuine issues of material fact as to damages. The Assignee provided services as reasonable emergency measures. The policy's Reasonable Emergency Measures provision states:

> **a.** We will pay up to the greater of $3,000 or 1% of your Coverage **A** limit of liability for the reasonable costs incurred by you for necessary measures taken solely to protect covered property from further damage, when the damage or loss is caused by a Peril Insured Against.

2

The greater of the two figures in this case is $3,000. The trial court's damages award exceeded that amount. However, the Reasonable Emergency Measures provision's subsection b. states:

> **b.** We will not pay more than the amount in **a.** above, unless we provide you approval within 48 hours of your request to us to exceed the limit in **a.** above. In such circumstance, we will pay only up to the additional amount for the measures we authorize.
>
> If we fail to respond to you within 48 hours of your request to us and the damage or loss is caused by a Peril Insured Against, you may exceed the amount in **a.** above only up to the cost incurred by you for the reasonable emergency measures necessary to protect the covered property from further damage.

Therefore, there are circumstances under which the trial court could have awarded damages in excess of $3,000. However, first, the trial court would have had to find that one of the subsection b. scenarios was satisfied. Because there is a genuine issue of material fact as to this issue, the trial court erred by awarding damages without giving Citizens notice and the opportunity to be heard on the issue.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

CONNER, C.J., MAY and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3